## Urey *v.* Horchler, Appellant.

Argued November 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Nathan Routman,* with him *Harvey E. Moore,* for appellant.

*Sidney E. Rosenblum,* with him *John R. Boland, Jr.,* for appellee.

OPINION BY WRIGHT, J., January 17, 1956:

Albert L. Urey, a resident of Mercer County, Pennsylvania, is employed by the Westinghouse Electric Corporation at its plant in Sharon, Pennsylvania. On October 25, 1952, Urey purchased a motor vehicle from W. E. Horchler, doing business as Horchler Motor Sales (hereinafter referred to as Horchler), of Mercer, Pennsylvania, financing the same by means of a "Pennsylvania Bailment Lease". This lease was assigned by Horchler without recourse to Associates Discount Corporation (hereinafter referred to as Associates),

an Indiana corporation with a registered office in this Commonwealth at 215-219 North Highland Avenue, in the City of Pittsburgh. The lease provided for a total amount of $1241.31 to be paid in 21 monthly installments of $59.11 each, payment to be made at the branch office of Associates in Youngstown, Ohio. Urey subsequently became delinquent, whereupon the vehicle was sold, a deficiency judgment of $442.88 entered, and an attachment proceeding instituted by Associates in the Municipal Court of the City of Youngstown, wherein the Westinghouse Electric Corporation was named as garnishee. The attachment was served on Westinghouse at a sales office maintained by it in Youngstown, which office has no jurisdiction over the production facilities in Sharon.

On December 6, 1954, Urey filed a complaint in equity in the Court of Common Pleas of Mercer County, naming Horchler and Associates as defendants, and averring that the assignment and the attachment were for the express purpose of depriving him of the right to have his earnings exempt from application to the payment of his debts, in violation of the Acts of 1845 and 1887.[1] Urey requested that an injunction be issued restraining defendants from going forward with the attachment, alleging that said proceeding would compel Westinghouse to refuse him payment of the wages due him at the Sharon plant. Service was made

---

[1] Act of April 15, 1845, P. L. 459, section 5, 42 PS 886, exempting wages and salaries from attachment in the hands of employers; and Act of May 23, 1887, P. L. 164, 12 PS 2175, as supplemented by the Act of June 7, 1915, P. L. 866, 12 PS 2176, prohibiting the assignment of any claim for debt against a resident of this Commonwealth for the purpose of having the same collected by attachment proceedings in a foreign court, or the sending out of this Commonwealth of any such claim for the purpose of depriving the debtor of his exemption.

on Horchler by the Sheriff of Mercer County, on the Secretary of the Commonwealth by the Sheriff of Dauphin County, and by registered mail at the office of Associates in Pittsburgh, and on the attorneys for Associates in Youngstown, Ohio. A preliminary objection was filed by Associates raising the question of venue, in which it was asserted that "the action was not brought in a county where its registered office or principal place of business is located or in a county in which the right of action arose or in a county where it legally conducts business". The lower court subsequently entered an order dismissing the preliminary objection, and this appeal by Associates followed.

Appellant acknowledges that equitable action was "authorized",[2] and concedes that the complaint could have been filed in Allegheny County, where it maintains its registered office. It contends, however, that it is not amenable to process in Mercer County (1) under the Business Corporation Law because no right of action arose there; or (2) under Pa. R. C. P. No. 2179 because it did not regularly conduct business there.

Section 1011.A of the Business Corporation Law[3] provides that process against a qualified foreign business corporation "may be issued by any court, magistrate, or justice of the peace having jurisdiction of the subject matter of the controversy in any county of the Commonwealth in which the corporation shall have its registered office, or in the county in which the right of action arose". The phrase "right of action", when used in relation to the venue of a proceeding, is synonymous with the term "cause of action"; and means

---

[2] See the comprehensive discussion by President Judge KLEP-SER in *Zeiders v. Lewis Apparel Store*, 82 D. & C. 488.

[3] Act of May 5, 1933, P. L. 364, as last amended by the Act of August 19, 1953, P. L. 1119, 15 PS 2852-1011.

that which creates the necessity for bringing the action: *Alpha Claude Neon Corp. v. Pennsylvania Distilling Co.*, 325 Pa. 140, 188 A. 2d 825. We have concluded that appellant's first contention was properly disposed of in the following excerpt from the opinion of President Judge RODGERS for the court below:

"Where did the right of action arise? It seems perfectly clear to this Court that the plaintiff herein becomes affected by the actions of the defendant only when he walks up to the paymaster's window at the Westinghouse Corporation in Sharon, Pennsylvania, and is refused the full compensation payable to him at Sharon, Pennsylvania, for the labors done by him in Mercer County. For this reason we believe that his 'right of action' arose in Mercer County . . . The exact nature of the injury complained of by the plaintiff may not be either a contractual breach, tortious act, or criminal act, but it is certainly an interference with his prima facie right to receive his wages and if an improper interference, might be considered more closely related to a tort than any other legal concept. Thus, while perhaps not precisely on point, the law in these situations is certainly analogous to our problem here and would lead to the conclusion that the plaintiff's right of action in this case, if any, arose where the injury took place and that in this case is where he would be refused his pay at Sharon, Mercer County, Pennsylvania".

To this we add that, as has been noted, the lease entered into between appellee and Horchler was entitled a "Pennsylvania" contract. It was expressly designated to be "subject to State Legal Requirements", and contained a provision that "if any part hereof is invalid under the laws of Pennsylvania, such part shall be deemed deleted, but shall not invalidate

the rest of this lease". This contract was executed by appellee and Horchler in Mercer, Pennsylvania, at which place "said motor vehicle will be kept". It was assigned to appellant by Horchler, who, as was appellee, was a resident of this Commonwealth. The assignment itself was one of the subjects under attack, which constitutes a further reason for holding that appellee's cause of action arose in Mercer County wherein the challenged transaction occurred.

Moreover, under the Act of 1887, supra, the assignment subjected Horchler to liability for the full amount of the debt, interest, and costs which might be collected from appellee as a result of the attachment. Appellee argues that Horchler's presence in the action was requisite to the complete adjudication of the controversy, and that Horchler was therefore a "principal defendant". See *Bird v. Sleppy,* 265 Pa. 295, 108 A. 618. Appellee expressly so alleged in the complaint, concerning which allegation appellant presented no objection.[4] Pa. R. C. P. No. 1503 provides, inter alia, that an action may be brought in a county in which a principal defendant may be served. It would therefore appear that the action was properly brought in Mercer County for the reason that Horchler, a principal defendant, could be, and actually was, served there. See *Mid-City Bank & Trust Co. v. Myers,* 343 Pa. 465, 23 A. 2d 420.

Since what we have said disposes of the appeal, we agree with the court below that it becomes unnecessary to consider the question whether appellant was regularly conducting business in Mercer County.

Order affirmed.

---

[4] See Pa. R. C. P. No. 1032. Nor does appellant object to the mechanics of the service.