Maiers *v.* Meyr, Appellant.

Argued November 27, 1961. Before BELL, C. J., JONES, COHEN, EAGEN and ALPERN, JJ.

*Henry F. Huhn,* with him *Howard R. Detweiler,* for appellant.

*Elias Magil,* with him *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 13, 1962:

This appeal challenges an order of the Court of Common Pleas No. 2 of Philadelphia County which discharged a rule to set aside service of a complaint in a trespass action.

This litigation arises out of an automobile accident which occurred on August 2, 1957 on City Line Avenue near 77th Street.* John H. Maiers (Maiers) was operating his automobile in a westerly direction on City Line Avenue and had come to a stop at 77th Street, intending to make a left-hand turn to go south on said

* City Line Avenue lies partly in Philadelphia County and partly in Montgomery County.

street and was waiting for the traffic light to change. Herman G. Meyr (Meyr) was operating a motor truck in a westerly direction at some distance behind Maiers. Between the Maiers automobile and the Meyr truck was an automobile operated by Peter J. Hughes (Hughes), which automobile had come to a stop behind the Maiers' automobile. Meyr's truck crashed into the rear of the Hughes automobile which, in turn, was thrown into the rear of Maiers' automobile.[1]

A complaint in trespass was filed on March 10, 1959 in the Court of Common Pleas No. 2 of Philadelphia County by Maiers against Meyr but service of the complaint was not effected because Meyr could not be found in Philadelphia County. On June 24, 1960 the complaint was reinstated and service was then made upon Meyr by deputizing the sheriff of Montgomery County to make such service. Meyr on the date of the accident was living in Conshohocken, Montgomery County, having moved there the day prior to the accident. On July 20, 1960, Meyr obtained a rule upon Maiers to show cause why service of the complaint should not be set aside upon the ground that the accident occurred in Montgomery, not Philadelphia County, and, therefore, the deputization of service by the sheriff of Montgomery County was invalid. After answer filed and the taking of depositions, the court below discharged the rule to set aside the service of the complaint and, from that order, this appeal was taken.

Rule 1006 Pa. R. C. P. provides: "(a) Except as otherwise provided by subdivision (b) of this rule, an action against an individual may be brought in and only in a county in which he may be served". Rule 1043 Pa. R. C. P. provides: *"When an action against an individual is commenced in the county where the*

---

[1] These facts, taken from the complaint, for the purpose of this appeal we accept as correct.

*cause of action arose,* the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had." (Emphasis supplied)

Meyr's position is that deputization of service is authorized *only* where the action is instituted *in the county where the cause of action arose.* That position is correct. At common law in an action in *personam* process had to be served personally within the jurisdiction of the court in which suit was instituted upon the person to be affected by such action: *Heaney v. Mauch Chunk Borough,* 322 Pa. 487, 490, 185 A. 732. As the Superior Court noted in *Hartman v. Donahue,* 142 Pa. Superior Ct. 382, 385, 386, 16 A. 2d 691: "The reason behind modern statutes and rules allowing extra-county or other extraterritorial service when the action is brought in the jurisdiction where the cause of action arose is that such jurisdiction is the ideal place for the trial because of the availability of witnesses, presence there of physical facts relevant to the issue, and other matters of a similar nature." See: *Koll v. Pickford,* 353 Pa. 118, 122, 44 A. 2d 276. Rule 1043 clearly authorizes service by deputization only in a limited and restricted area, i.e., where the action is "commenced in the county where the cause of action arose". Unless the instant cause of action arose in Philadelphia County then service made upon Meyr by deputization of the sheriff of Montgomery County is invalid.

Where did the instant "cause of action" arise? The parties have stipulated that at City Line Avenue and its intersection with 77th Street: (a) the boundary line between Philadelphia and Montgomery Counties is the center line of City Line Avenue; (b) that the westbound lanes of said avenue are in Montgomery County; (c) the eastbound lanes of said avenue are in Philadel-

phia County. In Maiers' deposition he stated that at the time of the accident he was operating his automobile in one of the westbound lanes of City Line Avenue a "yard or two yards" north of the center line and, after being struck, his car went straight forward, i.e., did not cross the center line.

The court below assumed, "as the parties apparently have assumed, from the rather vague depositions that the contact of the vehicles took place entirely on the Montgomery County half of City Line Avenue". The court below, relying in part on *Georgia Power Co. v. Weaver*, 68 Ga. App. 652, 23 S.E. 2d 730, stated: ". . . the proper and applicable rule is that where a public road or a street forms a dividing line or boundary line between two counties within the Commonwealth, so that half or a part of such road or street may be said in a technical sense to be in one county and the other half or part of the road to be in the other county, for purposes of a suit predicated upon an accident which occurs on such a road, the whole road constitutes the boundary between the counties and venue lies in either county. We do not slice either the accident or the road into its component parts. Drivers of motor vehicles on the county line treat it as the boundary line, not the invisible and imaginary line determined by surveyors. To regard the road as an entity serves to avoid confusion and prevents unnecessary dispute as to where the accident occurred. An accident scene is a total pattern and it would be unrealistic to say that only the conditions operative on one side of the road are involved. The realistic, most effective, least expensive, least dilatory rule is that such a road which divides two counties is, in contemplation of law, for purposes of venue or tort cases, in both counties and the injured party may reasonably select either forum."

Pa. R. C. P. Rule 126 provides for a liberal construction of the rules of civil procedure; however, our prob-

lem is not one of construction for Rule 1043 is clear and free from ambiguity. Pa. R. C. P. Rule 127 provides, inter alia, that: "When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit".

The instant service is fatally defective *if* the cause of action, i.e., this accident, arose in Montgomery County. The parties have agreed and the record indicates that the *center line* of City Line Avenue marks where one county begins and the other county ends; that line may be invisible to motorists but it is the boundary line between the two counties. The deposition of Maiers clearly indicates that the accident took place on that side of the boundary line which is in Montgomery County. We have in the case at bar not a question of venue but of service of process; the attack is not upon the institution of suit in Philadelphia County but upon the service of process by deputization when the cause of action did not arise in Philadelphia County.

Rule 1043 refers to the "county where the cause of action arose". A "county" is "a political organization of certain of the territory within the state, particularly defined by geographical limits". 14 Am. Jur. §3, p. 185. A "county" has fixed and certain boundary lines. While as the court below suggested, a boundary line may be an "invisible . . . line determined by surveyors", nevertheless such lines are fixed and certain to the extent that they can be accurately located. In fact, for the purpose of this appeal, the parties have stipulated the *exact* locus of the boundary line between Philadelphia and Montgomery Counties as the "center line" of City Line Avenue. The deposition of Maiers has fixed the place of the accident which gave rise to the "cause of action" as north of the boundary line and within the territorial limits of Montgomery County. The construc-

tion placed on the phrase "in the county where the cause of action arose" by the court below amounts to a re-writing of Rule 1043. Under that construction the cause of action could arise not only within the territorial limits of the county but outside the territorial limits of the county if the boundary line of that county happened to be the center line of a highway. Such a construction ignores the plain, clear language of Rule 1043 and constitutes the creation of a new rule.

We fully recognize that the accident which gave rise to Maiers' cause of action took place only a short place —one or two yards—from the boundary line; nevertheless the accident did take place and the cause of action did arise in Montgomery County. Under such circumstances, we are bound by the mandate of Rule 1043 to hold this service defective.

Order reversed. Each party to pay own costs.