## Emert *v.* Larami Corporation (et al., Appellant).

Argued April 21, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James M. Marsh,* with him *Joseph G. Manta,* and *LaBrum and Doak,* for appellant.

*L. Carter Anderson,* with him *J. Grant McCabe, III,* and *Rawle & Henderson,* for appellee.

OPINION BY MR. JUSTICE JONES, May 27, 1964:

This appeal attacks an order of the Court of Common Pleas No. 2 of Philadelphia County which upheld the validity of a deputized service of a writ of summons in a trespass action under Rule 1043, Pa. R. C. P.

Roger L. Emert, a minor, and Richard L. Emert and Alice L. Emert (Emerts), instituted a trespass action in Court of Common Pleas No. 2 of Philadelphia County against Larami Corporation (Larami). In their complaint, the Emerts alleged: that they reside in Perkasie, Bucks County;[1] that Larami is engaged, as manufacturer, employer, supplier, wholesaler and/or manufacturer's representative, in the wholesale toy business in Philadelphia, Philadelphia County; that Larami, in its several capacities, distributed childrens'

---

[1] Courts will take judicial notice of geographical facts such as the county in which a town or city is located: *Schmidt v. Allegheny County,* 303 Pa. 560, 154 A. 803; *Commonwealth v. Ball,* 277 Pa. 301, 306, 121 A. 191.

toy sling shots to R & N Enterprises (R & N), Souderton, Montgomery County; that R & N, in turn, distributed certain of these sling shots to Horace Cressman (Cressman) in Perkasie; that the minor, Roger Emert, purchased from Cressman a sling shot; that the handle of this sling shot—made of plastic material— "was inherently weak so that when ordinary application of pressure was applied in pulling the sling back to shoot the handle was caused to break"; that, while the minor, Roger Emert, was using the sling shot, the handle broke causing him personal injuries; that Larami was negligent in: (a) failing to use due care in testing the sling shot; (b) failing to see that the sling shot material was strong; (c) failing to thoroughly inspect the sling shot and (d) failing to give proper directions and warning on the sling shot wrapping.[2] Larami issued writs of summons to join as additional defendants R & N and Cressman. Cressman was served with such writ by the Sheriff of Bucks County who was deputized to make service by the Sheriff of Philadelphia County. Cressman moved to set aside the service of this writ upon the ground that such service violated Rule 1043, Pa. R. C. P. The court below entered an order upholding the service and from that order Cressman appeals.

This appeal involves the construction of Rule 1043 and its application to the present factual situation. Rule 1043 provides that: "When an action against an individual is commenced in the county *where the cause of action arose,* the plaintiff shall have the right of service in any other county by having the sheriff of

---

[2] While the complaint does not *specifically* allege that Larami's negligent conduct occurred at its place of business in Philadelphia nor that the injury to the minor, Roger Emert, occurred in Perkasie, yet such facts are implied and inherent in the complaint and the parties, for the purpose of this appeal, do not question such facts.

the county in which the action was commenced deputize the sheriff of the other county where service may be had." (Emphasis supplied) While Rule 1043 applies only to the right of service of the plaintiff in an action, yet, by virtue of Rules 2252(a) and 2254(a) Pa. R. C. P.,[3] an original defendant, such as Larami, has the same right of service.

The instant action was commenced in Philadelphia County and Cressman, as additional defendant, was served by having the sheriff of Philadelphia County deputize the sheriff of Bucks County to make such service. The propriety of such service depends upon whether the "cause of action arose" in Philadelphia County.

Larami and the court below take the position that the phrase "the cause of action" means the "negligent act or acts" or "the negligent conduct" which occasioned the injury and does not embrace the injury arising from such act or conduct, that the negligent conduct of which Emerts complain took place in Philadelphia County, and, therefore, "the cause of action arose" in that county within Rule 1043. On the other hand, Cressman takes the position that the "cause of action arose" where the injury occurred, i.e., Bucks County, and not where the negligent conduct or act leading to the injury occurred.

We have recently considered the impact of Rule 1043 in *Maiers v. Meyr*, 406 Pa. 522, 178 A. 2d 736. However, *Maiers* is presently inapplicable because therein both the negligent conduct of the defendant

---

[3] Rule 2252(a) provides: "In any action the defendant . . . may file as of course, a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him". Rule 2254(a) provides: "A defendant . . . shall have the same right of service as though he were a plaintiff."

and the injury to the plaintiff undisputably occurred in the same county and we did not, nor did we need to, consider the meaning of the phrase "where the cause of action arose".

The phrase "cause of action" has not always been defined with precision nor has adherence to any definition of such phrase been maintained with consistency.[4] In *Shenandoah Borough v. Philadelphia*, 367 Pa. 180, 191, 79 A. 2d 433; *Cox v. Wilkes-Barre Railway Corporation*, 334 Pa. 568, 570, 6 A. 2d 538; and *Stewart v. Scharff*, 178 Pa. Superior Ct. 629, 632, 114 A. 2d 86, relied upon by the court below, the phrase "cause of action" was equated with "the negligent conduct which occasioned the injury". However, in *Shenandoah* and *Cox* our courts were determining whether the negligent conduct alleged in an amended complaint in trespass introduced a new theory of negligence after the running of the statute of limitations and in *Stewart* whether the negligent conduct proved varied from that alleged. Emphasis in all three decisions was upon the character, type or theory of "negligent conduct" alleged, an entirely different situation than that existent in the case at bar. Rather than using the phrase "cause of action", the courts in those cases might more aptly have em-

---

[4] In *Fisher v. Hill*, 368 Pa. 53, 58, 59, 81 A. 2d 860, we said: "The phrase 'cause of action' is not susceptible of any single definition to be applied in all types of cases. In Rooney v. Maczko, 315 Pa. 113, 117, 172 A. 151, this Court quoted with approval that portion of the opinion in U.S. v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 53 S. Ct. 278, where Mr. Justice CARDOZO said: 'A "cause of action" may mean one thing for one purpose and something different for another . . . . At times and in certain contexts, it is identified with the infringement of a right or the violation of a duty. At other times and in other contexts, it is a concept of the law of remedies, the identity of the cause being then dependent on that of the form of action or the writ. Another aspect reveals it as something separate from writs and remedies, the group of operative facts out of which a grievance has developed.' "

ployed the phrase "negligent conduct". The use of the phrase "cause of action" in those cases neither rules nor controls the interpretation of the phrase "cause of action" under Rule 1043.

The legality of the deputized service in this action rests upon whether the "cause of action" arose in Philadelphia County. In *Openbrier v. General Mills, Inc.,* 340 Pa. 167, 16 A. 2d 379, plaintiff bought flour from a grocer in Washington County who, in turn, had purchased it from a wholesale dealer in McKeesport, Allegheny County, who had purchased the flour from defendant in Buffalo, New York, defendant being engaged in manufacturing and shipping of flour in Buffalo. Upon eating bread made from this flour, plaintiff swallowed pieces of glass and became ill. Suit was instituted in Washington County. The sheriff of such county deputized the sheriff of Dauphin County to serve the writ under Section 1011 of the Business Corporation Law of 1933, P. L. 364, 15 P.S. §2522-1011, which provided that process might be issued against a foreign business corporation "in the county in which the *right of action* arose". The Court said at page 169: "Where did the right of action arise in the present case? *Undoubtedly in Washington, Pennsylvania, not in Buffalo, New York,* because 'To constitute a tort there must be an injury; mere negligence establishes no right of action. *The place of wrong is, and the tort must be deemed to arise, where the injury is inflicted, not where the negligent acts leading to it were committed'*: Mike v. Lian, 322 Pa. 353, 356, 185 A. 775, 777. If the glass was in the package of flour as the result of defendant's negligence, *no 'right of action' (which is synonymous with 'cause of action'*: Alpha Claude Neon Corp. v. Pennsylvania Distilling Co. Inc., 325 Pa. 140, 142, 188 A. 825, 826) *accrued* to Mrs. Openbrier *until she ate the bread and thereby suffered injury*: Restate-

ment, Conflict of Laws, section 377." (Emphasis added).[5]

If the minor, Roger Emert, had not been injured, no person could have maintained an action against Larami for its alleged negligent conduct, i.e., no actionable tort would have been committed, in Philadelphia County. The occurrence of the injury furnished the basis and gave life to the cause of action. The cause of action did not arise until some person suffered injury or loss by reason of Larami's alleged negligent conduct. "No matter how great the negligence of the defendant, nor where it began or continued, there was no cause of action to anybody until an injury was received": *Hoodmacher v. Lehigh Valley R.R. Co.*, 218 Pa. 21, 23, 66 A. 975. As no actionable tort could have been committed until a person was injured, it seems clear that, if the language of Rule 1043 is to be given its *reasonable meaning*, the cause of action arose in the county where the tort was in fact committed by the infliction of injury. To give to this Rule the construction contended for by Larami would in many instances confine the provisions of the Rule to the county of a defendant's residence or place of business, whereas it was intended that the Rule should apply where the person was injured, which is quite often the county of residence of the complaining party.

In the instant factual situation, the "cause of action arose", within the meaning of Rule 1043, in Bucks, not Philadelphia County. Therefore, service by deputization of the Sheriff of Bucks County by the Sheriff of Philadelphia County was invalid and such service must be set aside.

Order reversed. Costs on Larami.

Mr. Chief Justice BELL concurs in the result.

---

[5] The same rationale is exhibited in *Vant v. Gish*, 412 Pa. 359, 365, 194 A. 2d 522; *Urey v. Horchler*, 180 Pa. Superior Ct. 482, 119 A. 2d 859.