## Mebs v. George P. Pilling & Son Co.

*Rubin Mogul,* for plaintiff.

*James Kilpatrick* and *Harold Spencer,* for defendants.

*Lawrence Brown,* for additional defendant.

SMILLIE, J., May 20, 1966.—The matter presently before the court arises by virtue of a preliminary objection to the venue to join the additional defendant, Richard A. Cautilli.

Plaintiff, Aubrey Mebs, is an individual residing in Trevose, Bucks County. The original defendant, George P. Pilling & Son, Co., is a Pennsylvania corporation manufacturing surgical instruments and supplies with a place of business in Fort Washington, Montgomery County. The original defendant, Holy Redeemer Hospital, is located in Meadowbrook, Montgomery County. Additional defendant, Dr. Cautilli, resides and has his office in Philadelphia County but is on the staff and operates at Holy Redeemer Hospital in Montgomery County.

The trespass action was commenced in Montgomery County against the original defendants, George P. Pilling & Son Co., and Holy Redeemer Hospital by plaintiff, Aubrey Mebs, alleging personal injuries due to the insertion of an alleged defective biceps staple manufactured by the original defendant, George P. Pilling & Son Co. On or about July 30, 1963, the biceps staple was inserted in plaintiff's left arm and shoulder by the additional defendant, Richard A. Cautilli, M.D., at

Holy Redeemer Hospital. Both original defendants were personally served by the Sheriff of Montgomery County. On November 4, 1965, a writ was issued joining Richard A. Cautilli, M.D., as additional defendant, which writ was served upon the additional defendant by deputized service in Philadelphia County. Preliminary objection was filed by counsel for the additional defendant, Dr. Cautilli, setting forth that the joinder violated the venue provisions of the Pennsylvania Rules of Civil Procedure.

We thus have an action in trespass where it is admitted that the alleged negligence and injury occurred in Montgomery County, so the cause of action is in Montgomery County.

Rule 1042 of the Pennsylvania Rules of Civil Procedure is the venue rule in the "Action of Trespass" section and it provides:

"The action may be brought in a county in which an action of assumpsit may be brought or as provided by an Act of Assembly".

To determine the county in which an action of assumpsit may be brought we refer to the venue rule in the "Action of Assumpsit" section of Pa. R. C. P. 1006 and it provides:

". . . an action against an individual may be brought in and only in a county in which he may be served".

The second phrase of rule 1042 specifies an action of trespass may also be brought in a county "as provided by an Act of Assembly". There are Acts of Assembly dealing with trespass arising out of the use and operation of motor vehicles and trespass involving real estate which authorize the institution of suit in the "cause of action" county, neither of which concerns the case here before us.

The language of rule 1042 is clear and unambiguous and rule 127 specifies:

"(b) . . . When the words of a rule are clear and free

from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit".

Rule 1043 provides:

"When an action against an individual is commenced in the county where the cause of action arose, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had".

The language of rule 1043 would have an effect on the scope of rule 1042 if it were not that rule 1043 is obviously a *service* rule and not a *venue* rule. Rule 1042 is a venue rule. It so states in its heading. 2A Anderson Pa. Civ. Prac. §1043.2, n. 30, page 638, says:

"A contrary interpretation would nullify the limitation of Rule 1042 contained in the phrase 'or as provided by an Act of Assembly' and rewrite the rule to read 'in a county in which an action of assumpsit may be brought or the county where the cause of action arose' ".

Therefore, against an individual in a tort action for trespass, like Dr. Cautilli, deputized service is forbidden except as allowed by an Act of Assembly, if rule 1042 is to be given significance.

The only case similar to the case at hand is Emert v. Larami Corporation, 414 Pa. 396 (1964), in which Roger Emert, a minor, by his parents instituted a trespass action in the Court of Common Pleas of Philadelphia County against Larami Corporation, a Pennsylvania corporation, with its principal place of business in Philadelphia County. Larami manufactured a toy slingshot and distributed it to Horace Cressman, residing in Perkasie, Bucks County, who, in turn, sold it to plaintiff, also residing in Perkasie. The slingshot was defective, causing plaintiff to be injured in Bucks County. Larami joined Cressman as an additional defendant. Cressman was served by the Sheriff of Bucks

County, who was deputized by the Sheriff of Philadelphia County. Cressman moved to set aside the service on the grounds that it violated rule 1043. The Supreme Court upheld Cressman, reversing the lower court's order.

The Supreme Court discussed the applicability of rule 1043 *only as applied to the fact situation presented.* Their only concern was *where* the "cause of action" arose. The court said the "cause of action arose where the injury occurred not where the negligent act took place".

We have no such problem. There is no question of where the "cause of action" arose in the case at bar. It occurred where the alleged negligent operation took place, Montgomery County.

The language of Larami is broad enough to cover the facts of the case at bar but is dictum and not ruling the issues raised in the case before us, not only because of the precise mandate of rule 127 when we consider the clear and unambiguous language of rule 1042, but also because of rule 1032. Rule 1032 provides, with exceptions not pertinent here, that "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply. . . ." The Supreme Court, in the Larami case, supra, was not required and did not consider the narrow question of venue because it was not raised; not being raised, it was waived. The Supreme Court discussed and ruled only on the meaning of "cause of action" as used in rule 1043.

Thus, rule 1043 has no application in the case at bar. Rule 1042 is clear and unequivocal; in consequence, in order to give it the effect the legislation intended, it does not authorize deputizing the sheriff of another county in a trespass action unless specifically provided by an Act of Assembly. There is no Act of Assembly providing for such deputization.

ORDER

And now, May 20, 1966, the preliminary objection to the joinder of additional defendant, Richard A. Cautilli, M.D., is sustained.