## Pavel v. Golob

*William Kelly*, for plaintiffs.
*Robert G. Rose*, for defendants.
*James F. O'Malley*, for additional defendant.

McWILLIAMS, J., January 25, 1971.—Plaintiffs, out-of-State residents of Maryland, bring suit, trespass, in Cambria County, Pa., versus defendants who are residents of Cambria County, Pa. The action involves an automobile accident which occurred in Somerset County, Pa. (Somerset County adjoins Cambria County.) Defendant sought to join plaintiffs' daughter, Mary Cawley, operator of plaintiffs' vehicle, and an out-of-State resident, of Maryland, as additional defendant and to serve her by deputized service on the Secretary of the Commonwealth of Pennsylvania. Defendant counter-sued plaintiffs and additional defendant in Cambria County.

The additional defendant filed preliminary objections as to joinder of additional defendant in that there is no jurisdiction on the additional defendant, contending the additional defendant is an out-of-State resident and was improperly served through deputized service. Defendants petitioned the court to transfer the action to Somerset County, the cause-of-action county, pursuant to Rule of Civil Procedure 1006, as amended. Plaintiffs and additional defendant object to transfer of the action.

The instant cases raise the question of jurisdiction and venue. See Chaplan v. Keystone Weaving Mills,

Inc., 431 Pa. 407, 246 A. 2d 384 (1968), affirming 60 Berks 128 (1968).

## I

We first take up the question of jurisdiction in the instant cases. Joinder of additional defendant by deputized service on the Secretary of the Commonwealth as to out-of-State residents, is not permitted in Cambria County under present rules, as Cambria County is not the cause-of-action county: Fabiano v. Key, 117 Pitts. L. J. 137 (1968), decided before the 1969 amendments; Emert v. Larami Corp. 414 Pa. 396, 200 A. 2d 901 (1968), and Nicolosi v. Fittin, 434 Pa. 133 (1969).

The case of Nicolosi v. Fittin is applicable to the present situation. Jurisdiction as to the additional defendant, Mary Cawley, has not been acquired by deputized service on the Secretary of the Commonwealth of Pennsylvania, as she is an out-of-State resident; however, as to her, the court stated in Nicolosi, supra, the action should *not* be dismissed as requested, but if additional defendant can properly be brought on the record, the action may be pursued: Nicolosi case, supra, p. 136.*

## II

As to the question of venue transfer, the question of transfer of the instant case having been raised by petition by defendant under Rule 1006, this matter is

---

* Court's note: The seeming inequity of plaintiffs controlling the choice of county where they instituted action might well be scrutinized by the Procedural Rules Committee in the instant case where additional defendant is the daughter-operator of plaintiffs' vehicle, and they immunized her to deputized service by their "choice" of venue action. No substantive problems are involved in broadening of venue, for venue is a matter of procedure and within the competency of procedural rules: McGinley v. Scott, 401 Pa. 310, 164 A. 2d, 424 (1960).

before us. Plaintiffs, out-of-State residents, made a choice of forum in Cambria County where defendants are residents. Plaintiffs have not raised the question of jurisdiction of the court over change of venue. However, plaintiffs have indicated objection to change of venue in their brief filed, and the additional defendant has specifically raised objection to change of venue requested by defendants.

Rule of Civil Procedure 1006(e) does not apply, since this rule applies to a case where venue is wrongly laid (U. S. Cold Storage Corp. v. Philadelphia, 431 Pa. 411 (1968)), and there has not been a successful attack upon the venue of the action.

Further, we recognize plaintiffs' choice of forum should not be disturbed except for weighty reasons: Dibert v. Yurek, 52 Westmoreland 45 (1970); Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839 (1947). The Gulf Oil case above holds that a strong burden is placed on defendant to disturb plaintiffs' choice of forum.

Rule of Civil Procedure 1006(d) states, "For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could have originally been brought . . ." (Note: Section 1404 of Title 28 of the U. S. Code permits Federal courts to transfer "for the convenience of parties and witnesses *in the interest of justice.*" (Italics supplied.) See Goodrich-Amram, Rule 1006, 1970 Supp. page 118, comment.

Rule of Civil Procedure 1006(d) as stated in the Nicolosi case, supra, applies, said the court, only where venue is proper and where the court finds that the transfer is more convenient for both parties *or* for the witnesses. (Emphasis by the court, indicating difference of Nicolosi case language, page 135, which

used the word "*or*" and Rule 1006(d) which uses the word "*and.*"

We are aware of the holding of the Caplan case, supra, that where both transferor and transferee counties have competence, it is merely a question of exercise of discretion. The Caplan case, however, involved intra-State parties and the instant case involves out-of-State resident parties as well as resident parties in the State. Where objection to transfer is made, the transfer requires a court finding and a hearing should be had and determination made of said issue under Rule 1006(d). Therefore, we make the following

## ORDER

Additional defendant Mary Cawley's preliminary objections sustained and defendant allowed 20 days within which to serve properly said additional defendant; otherwise, case to proceed sec. leg. As to petition for transfer of venue by defendants, Edward R. Golob and Rose Golob, said matter is remanded to the court for hearing and determination upon said issue forthwith.