**Economy Bank of Ambridge v.
Hickory Corral Enterprises, Inc.**

*Robert W. Lewis,* for plaintiff.

*Henry J. Albaugh,* for defendants.

KLEIN, J., April 6, 1972.—In this action in assumpsit, plaintiff filed a complaint containing two causes of action. In the first count, defendants named are Hickory Corral Enterprises, Inc., Robert E. Cooper, Catherine J. Cooper, Frank Kocab, Elizabeth Kocab and Edward J. Kikla. In the second count, defendants named are Hickory Corral Enterprises, Inc., Robert E. Cooper, Catherine J. Cooper, Edward J. Kikla, Joseph Lanzaratta, Ronald G. Linaburg, Anthony P. Raso, Norma R. Raso, Patrick M. Capots, Ross Belcastro, Michelin R. Gasper, Emily A. Gasper, Louis S. Sepe, Maria J. Sepe, Joseph G. Heisler and Dolores A. Heisler.

Defendants Cooper, Kikla and Linaburg have never been served.

As to count 1, answers have been filed by defendants Frank Kocab and Elizabeth Kocab. No pleading has been filed by the other defendant named in said count, the corporate defendant.

As to the second count, a preliminary objection in the nature of a demurrer to the complaint has been filed on behalf of defendants, Joseph Lanzaratta, Anthony P. Raso, Norma R. Raso, Patrick M. Capots, Michelin R. Gasper, and Emily A. Gasper.[1] On behalf of defendants, Louis S. Sepe and Maria J. Sepe, preliminary objections have been filed as follows: (a) in the nature of a petition raising a question of jurisdiction; (b) in the nature of a motion to strike off pleading because of lack of conformity to law or rule of court,

---

[1] Counsel for said defendants, Henry J. Albaugh, Esq., has since entered his appearance on behalf of defendants, Ross Belcastro, Joseph and Dolores Heisler.

which includes what should have been separate preliminary objections in the nature of petitions raising the defenses of (1) nonjoinder of a necessary party, and (2) misjoinder of a cause of action; (c) in the nature of a petition for a more specific pleading; and (d) in the nature of a demurrer.

The first cause of action is based upon a promissory note allegedly executed on January 12, 1970, by all of defendants named in said count, a copy of the same being attached to the complaint as exhibit "A."

The second cause of action is based upon a judgment note allegedly executed on June 10, 1970, by "Hickory Corral Enterprises" by Robert E. Cooper as president and Edward J. Kikla as secretary, exhibit "B" attached to the complaint, and a series of "guaranty and surety" agreements, copies of the same being attached to the complaints as exhibits "C" through "L," inclusive, executed in May, 1970, by the respective individual defendants named in said count.

The complaint is silent as to when and who "delivered" the "agreements" to plaintiff, merely reciting that "The . . . agreements were filed with the plaintiff . . ."

A nonwaivable statute of frauds is applicable to a promise to answer for the debt of another (33 PS §3) and is demurrable: Pennsylvania Rule of Civil Procedure 1017(b) (4).

Six of said "agreements" have the name of the principal, the corporate defendant, inserted on the wrong line, being one line below the line where it should have been inserted. We regard such error as inconsequential as a reading of the instrument makes it clear that the name should have been typed on the line directly above and preceding the word "Debtor."

However, all nine of said "agreements" are blank on the lines where the delineation of the indebtedness

of the principal debtor (the specific debt) is to be inserted. We regard that omission as fatal to the second cause of action averred as to the respective individual defendants and the preliminary objection in the nature of a demurrer must be sustained. Such omission is one which cannot be cured by amendment.

Plaintiff's brief recites:

"But it could be argued that this is no longer a blank · obligation. It is the same as though it was filled in and attached to the Complaint. The alligations [sic] of the Complaint must be read into the instrument now as though they had been copied thereinto."

However, plaintiff cites no authority for such a sweeping proposition as to this type of written instrument and we do not understand it to be the law of any jurisdiction.

Plaintiff explains the failure to fill in the blanks as "conservative banking practice" while intimating that it had authority from the executing parties to fill them. In instruments involving three parties such as in a surety agreement, there is always a question as to who was granted authority to fill in blanks, the principal, the creditor, both or neither, and in all cases a question as to what was authorized for the blank spaces.

On the matter of filling blanks, plaintiff's counsel submitted an excellent brief. However, the same deals with issues in a law suit which has yet to be filed. Although commercial paper is not involved, it is interesting to note what the Uniform Commercial Code provides on this point.[2]

---

[2] "§3-115. Incomplete Instruments.

"(1) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect *it cannot be enforced until completed,* but when it is completed in accordance with authority given it is effective as completed.

"(2) If the completion is unauthorized the rules as to material

General contract law applies to surety agreements: Restatement of the Law, Security, §88. The Restatement of the Law, Contracts, §442 provides:

"(1) Where a written contract, or a writing apparently intended to be a written contract when completed, contains blank spaces, and words authorized by one party thereto *are inserted by the other in the spaces,* the writing *as altered* is operative.

"(2) In the absence of circumstances showing a contrary intention, authority is implied to fill spaces with words that are apparently appropriate.

"(3) A material, fraudulent, and unauthorized insertion in a blank space made by one party discharges any duty of the other party under the writing." (Italics supplied.)

Further, it is clear that the law of Pennsylvania provides that:

"An uncompensated surety has a right to stand on the letter of his contract; if, without his knowledge or consent, any material alteration or change is made in the contract entered into by him, or in the contract or obligation as to which the performance thereof is secured, the surety is discharged": 35 P. L. E. Suretyship §88.

And it is hornbook law that filling in of blanks when and as authorized is not a material alteration. On the other hand, the filling in of blanks when there is no authority to do so or in a manner that varies from the authority granted, is a material alteration.

If plaintiff believes that it may make any change in the agreement and that the same would be with the

---

alteration apply (§3-407), even though the paper was not delivered by the maker or drawer; but the burden of establishing that any completion is unauthorized is on the party so asserting": Act of April 6, 1953, Reenacted October 2, 1959, P. L. 1023, sec. 3, 12 A PS §3-115. (Italics supplied.)

authority or consent of the respective sureties, it must proceed to do so if it is to enable itself to plead a litigable cause of action, discernible from within the four corners of the complaint.

In regard to the other preliminary objections raised by defendants Sepe, the following conclusions are reached.

1. The objection in the nature of a petition raising a question of jurisdiction is without merit. There is no question but that this court has jurisdiction over the subject matter. Venue exists, inter alia, in any county in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose (Pa. R. C. P. §1006(a)), and a right to deputized service in another county is available: Pa. R. C. P. 1009(c). Although plaintiff failed to aver the domicile of any of the parties, it is clear from the complaint, including its exhibits, that an occurrence took place at "Ambridge, Pa." The court may take judicial notice that "Ambridge, Pa." is in Beaver county: Henry, Pa. Evidence §506; Emert v. Larami Corp., et al., 414 Pa. 396.

2. The objection in the nature of a motion to strike off pleading because of lack of conformity to law or rule of court is also without merit. Defendants Sepe specify only the failure to set forth the residences of the parties as constituting a lack of conformity to law or rule of court and the same is not material for the reason stated in the foregoing paragraph. We observe no material lack of conformity to law or rule of court.

3. The objection in the nature of a petition for a more specific pleading must be sustained. As recognized by plaintiff in its brief, the complaint contains no explanation concerning the fact that the judgment note forming the basis for the second cause of action is executed by "Hickory Corral Enterprises," as distin-

guished from Hickory Corral Enterprises, Inc., the named defendant and the principal designated in the surety agreements which are also part of the basis for the second cause of action.

4. The objection in the nature of a petition raising the defense of nonjoinder of a necessary party is sustained for the reason stated in the preceding paragraph. Obviously, on the face of the complaint as it now stands, Hickory Corral Enterprises must be named as a defendant. If a demurrer was not being sustained this objection would be overruled at this time and a decision postponed until the trial. See Goodrich-Amram, §1017(b)-16.

Defendants Sepe also complain that a parent company is not joined as a defendant and is an indispensable party. Since both causes of action are based upon written instruments in which said parent company is neither named nor so much as referred to, such objection is without merit and must be overruled. It is true that defendants Sepes' preliminary objections were endorsed with a notice to plead and plaintiff failed to answer the averments of facts contained therein as required by the rules. However, there is but a naked assertion that the parent company is an indispensable party. Had facts concerning same been properly pleaded, an answer would have been required, and, if necessary to consideration of same, the court would have taken testimony by deposition or otherwise: Pa. R. C. P. 1028(c). See also Constructors Association v. Interstate Amiesite, 30 Beaver Co. L. J. 75. Further, the failure to join an indispensable party may be raised at any time. The failure to join a necessary party, however, is required to be raised by preliminary objections.

5. The objection in the nature of a petition raising the defense of misjoinder of a cause of action must be

sustained since there is no evidence that the parties consented to the joinder. Although Pa. R. C. P. 1020(a) provides that "The plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract . . ." said rule presupposes that the same defendant(s) are involved.

"It is generally a prerequisite to joinder of causes of action when *more than one* party plaintiff or *defendant* is affected that *all causes should affect all parties* to the action, *both parties defendant* and parties plaintiff. Courts of law will not take cognizance of distinct and separate liabilities of several persons in one suit, even though standing in the same relative position. Nor should a person attempt to recover in one proceeding upon separate causes of action vested in different persons. Thus, it is fundamental law that obligations arising from an entire, indivisible contract, or from different contracts, to different persons cannot be joined in the same action without the consent of the parties bound": 3 Standard Pa. Practice (revised) 50. (Italics supplied.)

## ORDER

And now, to wit, April 6, 1972, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the preliminary objection in the nature of a demurrer filed on behalf of the individual defendants enumerated in the foregoing opinion, be and is hereby sustained, and the second cause of action set forth in plaintiff's complaint is dismissed as to said defendants without prejudice to plaintiff to timely file a new action.

It is further ordered, adjudged and decreed as follows in regard to the other preliminary objections filed by defendants Sepe:

1. The preliminary objections in the nature of a peti-

378

tion raising a question of jurisdiction and in the nature of a motion to strike off a pleading for lack of conformity to law or rule of court are overruled;

2. The objection in the nature of a petition for a more specific pleading is sustained;

3. The objection in the nature of a petition raising the defense of nonjoinder of a necessary party is sustained as to the failure to join "Hickory Corral Enterprises" and overruled as to the failure to join Pittsburgh Franchise and Hickory Corral, a St. Louis corporation; and

4. The objection in the nature of a petition raising the defense of misjoinder of a cause of action is sustained and a severance of the second cause of action would be ordered if a demurrer was not sustained.

All for the reasons stated in the foregoing opinion.

