**William T. KRING, DDS., Appellant**

v.

**UNIVERSITY OF PITTSBURGH, University of Pittsburgh School of Law, Peter Shane, Karen Engro, David Herring, Stella Smetanka, Sam Cordes, Lazar Palnick, Appellee.**

William T. Kring, DDS., Appellee

v.

University of Pittsburgh, University of Pittsburgh School of Law, Peter Shane, Karen Engro, David Herring, Stella Smetanka, Sam Cordes, Lazar Palnick, Appellant.

Superior Court of Pennsylvania.

Argued March 11, 2003.

Filed June 3, 2003.

William T. Kring, pro se, appellant.

Before: JOHNSON, BENDER and KELLY, JJ.

BENDER, J.:

¶ 1 William T. Kring (Appellant) appeals *pro se* from the trial court order that transferred the underlying suit for wrongful use of civil proceedings, which Appellant brought against the University of Pittsburgh, the University of Pittsburgh School of Law, and the above-captioned individuals (collectively referred to as Appellees), from the Washington County Court of Common Pleas to the Allegheny County Court of Common Pleas pursuant to the trial court's ruling on Appellees' preliminary objections.[1] Appellant claims that the trial court erred in determining, pursuant to Pa.R.C.P. 1006 and Pa.R.C.P. 2179, that Washington County is an improper venue. For the following reasons, we affirm the court's order.

¶ 2 Appellant, who is a dentist, filed suit against Appellees for wrongful use of civil proceedings based upon a lawsuit in which Appellant, as the defendant, prevailed against a patient who sued Appellant. The patient had obtained legal representation through the University of Pittsburgh School of Law's Health Law Clinic. The patient brought the suit in the U.S. District Court for the Western District of Pennsylvania, located in Pittsburgh, Allegheny County. The suit was filed under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and following a jury trial, the jury found for Appellant and against the patient.

¶ 3 Approximately two years later, Appellant filed a *pro se* complaint against Appellees in which he asserted a claim for

---

1. We note that this Opinion disposes of two appeals. Both appeals arise from the same underlying case, but were taken from different orders. The first appeal was taken from the court's order that ruled on the preliminary objections. The trial court subsequently modified its memorandum and order, and Appellant then filed another notice of appeal. However, Appellant has presented only one brief for both appeals, and herein, we have addressed all issues that Appellant raises in his brief.

wrongful use of civil proceedings. Appellees filed preliminary objections claiming improper venue. The trial court sustained the preliminary objections, concluding that venue is improper in Washington County, but proper in Allegheny County. Consequently, in accordance with Pa.R.C.P. 1006(e), the court ordered the case to be transferred to Allegheny County.[2]

¶ 4 Appellant then filed the instant appeal *pro se.* Initially, we note that Appellant's brief violates the Pennsylvania Rules of Appellate Procedure. For purposes of our review, the most glaring infraction is Appellant's failure to include a Statement of Questions Involved. *See* Pa.R.A.P. 2116. Notwithstanding this error, we have reviewed Appellant's brief, and have gleaned five arguments from the headings in the brief, which he advances in support of his central claim that the trial court erred in ruling that venue is improper in Washington County. They are as follows:

1. Appellees have not met the burden necessary to overcome the presumption in favor of a Plaintiff's choice of venue.
2. Transaction or Occurrence / cause of action determined by location of injury.
3. Transaction or Occurrence / cause of action determined by the totality of the transaction.
4. University of Pittsburgh does business in Washington County.
5. Trial court abused its discretion by evidence of bias, prejudice, and ill will toward Appellant.

Appellant's brief at 3, 5, 8, 12, 13.

¶ 5 If there is any basis to affirm a trial court's decision to transfer venue,

the decision must stand. *See Shears v. Rigley,* 424 Pa.Super. 559, 623 A.2d 821, 824 (1993). "Moreover, the standard of review is one of abuse of discretion. An abuse of discretion is shown by a record of misapplication of the law, or judgment that is manifestly unreasonable, or motivated by partiality, prejudice, bias, or ill-will." *Scribner v. Mack Trucks,* 427 Pa.Super. 71, 628 A.2d 435, 438 (1993).

¶ 6 In Appellant's first argument, he claims that Appellees failed to overcome the "presumption" in favor of his "choice" of venue. Brief for Appellant at 3. While Appellant correctly identifies the issue as whether venue is proper in Washington County, he goes on to claim that his "choice" of venue is entitled to "deference." *Id.* at 4. Appellant has misconstrued the law.

¶ 7 The trial court sustained Appellees' preliminary objection as to venue based on its conclusion that venue in Washington County is improper. Thus, it did *not* make its decision on the grounds that venue in Washington County was proper but that it should nonetheless transfer the case to Allegheny County based on the doctrine of *forum non conveniens.* Under this doctrine, Appellant would have been entitled to a presumption in his favor for his choice of forum. *See Borger v. Murphy,* 797 A.2d 309, 312 (Pa.Super.2002). In *Borger,* we explained the doctrine as follows:

A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper. For the convenience of

---

**2.** Pennsylvania Rule of Civil Procedure 1006(e) states, "Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff."

parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought. A petition to transfer venue on this basis should not be granted unless the party seeking to transfer venue meets its burden of showing that venue in the chosen forum is oppressive or vexatious.

*Id.* (quotation marks and citations omitted). *See also* Pa.R.C.P. 1006(d)(1).

¶ 8 However, this doctrine, and the presumption that it carries, has no application in this case because here we are faced with the single question of whether venue is proper in Washington County. It either is or it is not. In *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 246 A.2d 384, 386 (1968), the Pennsylvania Supreme Court stated that when we review a trial court's "order ruling upon the propriety of the venue chosen by the plaintiff ... we recognize no difference procedurally between a claim that the action was instituted before the wrong tribunal and a claim that the action was brought before a court lacking competence to entertain it." If, as decided by the trial court in this case, venue in Washington County is improper, then it is of no import that Appellant instituted this action in that forum, as the trial court had no jurisdiction to hear the case. *See id.* (stating that "objections to venue have been treated by this Court as raising a question of jurisdiction"). Therefore, Appellant's first argument is without merit.

■ ¶ 9 In Appellant's second and third arguments, he claims that the trial court erred in determining that venue in Washington County was improper as to both the individual and corporate Appellees. There are two different rules regarding venue for actions against individuals and actions against corporations. As against individu-

als, Pa.R.C.P. 1006 states in pertinent part:

Rule 1006. Venue. Change of Venue

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which the individual may be served **or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.**

*Id.* (emphasis added). As against corporate defendants, Pa.R.C.P. 2179 states in pertinent part:

Rule 2179. Venue

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

. . .

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

¶ 10 In Appellant's second argument, he claims that the court erred because his cause of action for wrongful use of civil proceedings "arose" in Washington County. Appellant's brief at 5–7, ¶¶ 21–28. *See also* Pa.R.C.P. 1006(a), 2179(a)(3). In support of this claim, Appellant cites *Emert v. Larami Corp.*, 414 Pa. 396, 200 A.2d 901 (1964), and states that the rule in a tort action is that "the cause of action arises [ ] for venue purposes where the injury is inflicted." Appellant's brief at 5. Accordingly, Appellant argues, since his injury arose in Washington County, venue was proper there.

¶ 11 In *Emert*, a personal injury action arising from a child's use of a defectively manufactured or designed slingshot, the issue before the court was the "validity of a deputized service of a writ of summons." *Emert*, 200 A.2d at 902. The court analyzed the former Pa.R.C.P. 1043, which stated:

When an action against an individual is commenced in the county *where the cause of action arose*, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had.

*Id.* (quotation marks omitted). The Supreme Court determined that "[t]he propriety of the service depend[ed] upon whether the 'cause of action arose' in Philadelphia County." *Id.* at 903. The trial court had concluded that the " 'the cause of action' means the 'negligent act or acts' or 'the negligent conduct' which occasioned the injury and does not embrace the injury arising from such act or conduct." *Id.* Conversely, the appellant argued that "the 'cause of action arose' where the injury occurred." *Id.*

¶ 12 The court quoted *Openbrier v. General Mills*, 340 Pa. 167, 16 A.2d 379 (1940), for the proposition that no cause of action arises in a personal injury action until there has been an actual injury:

To constitute a tort, there must be an injury; mere negligence establishes no right of action. *The place of wrong is, and the tort must be deemed to arise, where the injury is inflicted, not where the negligent acts leading to it were committed.*

*Emert*, 200 A.2d at 904 (quoting *Openbrier,* 16 A.2d at 380). The court concluded that since the plaintiff could not institute the action arising from the negligently designed or manufactured slingshot until the slingshot injured someone, the cause of action did not arise until the injury occurred. It reasoned as follows:

The occurrence of the injury furnished the basis and gave life to the cause of action. The cause of action did not arise until some person suffered injury or loss by reason of [defendant's] alleged negligent conduct. No matter how great the negligence of the defendant, nor where it began or continued, there was no cause of action to anybody until an injury was received.

*Id.* at 904 (citations and quotation marks omitted).

¶ 13 However, in the case at bar, Appellant has brought an action against Appellees for wrongful use of civil proceedings, which is defined by statute as follows:

§ 8351. **Wrongful use of civil proceedings**

**(a) Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against **another is subject to liability to the other for wrongful use of civil proceedings:**

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351 (emphasis added). Noticeably absent from this cause of action is any element regarding a resulting injury. In order for a person to satisfactorily set forth a *prima facie* case for wrongful use of civil proceedings, he or she need not aver an injury, and therefore, whether a person is injured is of no consequence in proving that the defendant is "subject to

liability." *Id.* Thus, while the nature and extent of an injury is of course relevant in establishing damages, the injury itself is not a factor in establishing one's *liability* for the wrongful use of civil proceedings.

¶ 14 As applied to the instant case, the factual underpinnings that satisfy the elements of an action for wrongful use of civil proceedings are Appellees' acts of initiating and continuing the federal lawsuit against Appellant in Allegheny County in an alleged grossly negligent manner and primarily for a purpose other than the proper adjudication of the claim against him. Importantly, however, Appellant would have no cause of action for wrongful use of civil proceedings if the federal lawsuit had not terminated in his favor. Thus, the final element occurred when the federal lawsuit terminated in his favor, and it was at that moment that his cause of action for wrongful use of civil proceedings arose. This occurred in Allegheny County, and therefore, his cause of action arose in Allegheny County. Therefore, we find no merit to Appellant's second argument.

¶ 15 In Appellant's third argument, he claims that the "transaction or occurrence" from which his cause of action arose occurred in Washington County. *See* Pa. R.C.P. 1006(a), 2179(a)(4). Under both rules, Pennsylvania courts have interpreted "a transaction or occurrence" to "require that a transaction … and not merely some part of the transaction, take place in the county where venue is laid [because] [i]t would lead only to confusion and a practice which we have heretofore referred to as 'forum shopping' if the law were to permit suit to be commenced against a [defendant] in any county where any facet of a complex transaction occurred." *Craig v. W.J. Thiele & Sons, Inc.*, 395 Pa. 129, 149 A.2d 35, 37 (1959). *See also* Pa.R.C.P. 1006(a) Note (referencing *Thiele* for a definition of a transaction or occurrence).

Therefore, "parties cannot avoid the 'transaction' requirement by characterizing 'a part of a transaction' as an 'occurrence.'" *Sunderland v. R.A. Barlow Homebuilders*, 791 A.2d 384, 392 (Pa.Super.2002).

¶ 16 Appellant argues that since the facts underlying the federal lawsuit filed against him arose in Washington County, as did his alleged damages arising from this claimed wrongful use of civil proceedings, venue was proper there. In this regard Appellant argues that because the patient that sued him resided in Washington County and because Appellant resided in and owned a dental practice in Washington County, "[t]he ultimate point of origin and destination of all activities was Washington County." Appellant's brief at 4.

¶ 17 While we have no difficulty concluding that the facts underlying the federal lawsuit against Appellant occurred in Washington County, the same is not true for Appellant's action for wrongful use of civil proceedings against Appellees. Appellant's claim for wrongful use of civil proceedings is based on a civil action brought against him and tried entirely in Allegheny County. As discussed above, the alleged facts that satisfy all the elements of this cause of action occurred in Allegheny County. Furthermore, we decline to hold that one part of Appellant's lawsuit, i.e., his alleged damages, is sufficient to establish that the occurrence from which Appellant's cause of action arose transpired in Washington County. Instead, we conclude that the occurrence was the federal lawsuit in Allegheny County, and therefore, we find no merit to Appellant's third argument.

¶ 18 In Appellant's fourth argument he claims that venue in Washington County as to the University of Pittsburgh (University) was proper because it does business there. *See* Pa.R.C.P. 2179(a)(2)

(stating that an action may be brought against a corporation in a "county where it regularly conducts business").

In determining whether a corporation regularly conducts business, we have held that "this court must focus on the nature of the acts the corporation allegedly performs in that county; those acts must be assessed both as to their quantity and quality." Our Supreme Court has stated that the

> [q]uality of acts means those directly, furthering or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual.... [T]he acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct.

*PECO Energy Co. v. Philadelphia Suburban Water Co.*, 802 A.2d 666, 669 (Pa.Super.2002) (alterations and omissions in original) (quotation marks omitted) (quoting *Purcell v. Bryn Mawr Hosp.*, 525 Pa. 237, 579 A.2d 1282, 1285 (1990)).

¶ 19 Initially, we note that a majority of Appellant's argument on this issue is based on the fact that the University of Pittsburgh Medical Center (UPMC) owns and operates numerous facilities in Washington County. UPMC, however, is not a party to this action. Furthermore, Appellees claim that Appellant did not raise this argument before the trial court, and therefore, it is waived. Brief of Appellees at 12. Appellant's brief does not indicate where this issue was preserved for our review, *see* Pa.R.A.P. 2119(e), nor does he refute Appellees' claim in his reply brief. Accordingly, we find the UPMC argument waived. *See* Pa.R.A.P. 302(a) (stating, "Issues not raised in the lower court are waived and cannot be raised for the first

time on appeal."). *See also Morgan v. Sbarbaro*, 307 Pa.Super. 308, 453 A.2d 598, 599 (1982) (stating that a "different theory of relief may not be successfully advanced for the first time").

■ ¶ 20 However, Appellant also argues that the University regularly conducts business in Washington County because it represented a person that lives there, it conducts seminars there, recruits students there and solicits alumni who live there. However, we conclude that these acts are merely incidental to the University's main corporate object of delivering undergraduate and graduate education. In this regard, Appellees claim that the University does not even have a branch campus in Washington County. Appellant does not dispute this. Appellant's fourth issue, therefore, has no merit.

■ ¶ 21 In the fifth and final argument, Appellant attempts to make much of the trial court's statement in its June 24th opinion and order that Appellant was bringing a claim for defamation, whereas he never presented such a claim in his complaint. Brief for Appellant at 13–15. However, the *pro se* complaint that Appellant filed, containing forty-two consecutive paragraphs without subdivision, fails to conform to the Pennsylvania Rules of Civil Procedure in that there is no heading or caption that specifically identifies a cause of action or even the form of the action. *See* Pa.R.C.P. 1020(a) (stating that each cause of action shall be identified in a separate count). *See also* Pa.R.C.P. 1018 (requiring the caption to identify the form of the action). Moreover, the complaint avers that Appellant's reputation was damaged by false accusations. Complaint, 7/4/01, ¶¶ 41, 42. Thus, despite the fact that Appellant stated in subsequently filed documents that he was not bringing a claim for defamation, we discern no bias, prejudice or ill will on the part of the trial

court arising from its statement that Appellant was asserting a defamation claim. Accordingly, there was no abuse of discretion.

¶ 22 Orders **AFFIRMED**.