**Schriner v. Latsha, Davis, Yohe & McKenna, P.C.**

*David W. Knauer*, for plaintiff.

*Edwin A.D. Schwartz, Lauren M. Burnette, Aaron E. Moore* and *Ronald M. Metcho, II*, for defendants.

BERNSTEIN, *J.*, April 4, 2013—Plaintiffs are asserting a professional liability claim against defendants that stems from a toxic-tort case litigated in Dauphin County.[1] On August 28, 2012, plaintiffs Michael and Robin Shriner filed a third amended complaint with the Philadelphia Court of Common Pleas. Defendants Latsha, Davis, Yohe, and McKenna, P.C., Kevin McKenna, Esq. and Mark Morford, Esq. filed preliminary objections. Defendants' objection to venue pursuant to Pa.R.C.P. 1028(a)(1) was sustained and the case was transferred to Dauphin County where defendants' other preliminary objections may be properly ruled on. Plaintiffs have timely appealed the trial court's order sustaining defendant's objection to venue.

Plaintiffs live in Dauphin County, Pennsylvania.[2] All

---

1. ¶ 12 Plaintiff's third amended complaint
2. Plaintiff's admissions, ¶ 1 plaintiffs' response to preliminary

transactions and occurrences giving rise to plaintiffs' claims against defendants occurred in Dauphin County.[3] the subject property of the underlying action is located at 824 Mohn Street in Dauphin County;[4] the underlying litigation, docket no. 2004 CV 5200, took place in Dauphin County;[5] the underlying Dauphin County action was recently revived on July 12th 2012 by the filing of a petition to intervene and a motion to strike judgment in Dauphin County.[6] Defendant Latsha, Davis, Yohe, & McKenna, P.C. ("Latsha") is a Pennsylvania corporation whose principal place of business is in Chester County.[7] Defendants were served in Cumberland County.[8] The only connection to Philadelphia is that defendants Morgan and McKenna of the law firm of Latsha, Davis, Yohe, & McKenna, P.C. are practicing attorneys who have previously represented clients in the United States District Court for the Eastern District of Pennsylvania and in the Philadelphia County Court of Common Pleas.[9]

An action may only be brought in a county in which the individual may be served, the cause of action arose, or where an occurrence took place out of which the cause of action arose.[10] In a tort action, for the purposes of establishing venue, the cause of action arises where the

---

objections.

3. Plaintiffs' admissions, ¶¶ 1, 2, 12 and 13 of plaintiffs' response to preliminary objections.

4. Plaintiff's admissions, ¶ 12 plaintiff's response to preliminary objections. *See also* plaintiff's complaint ¶¶ 5, 7.

5. Plaintiffs' admissions, ¶¶ 1, 2, 12, and 13 of plaintiffs' response to preliminary objections

6. *See* exhibits "C", "D", and "E" of defendant's preliminary objections

7. ¶ 18 of plaintiff's complaint

8. Defendant's admissions, ¶ 11 of defendant's preliminary objections

9. Defendant's admissions, ¶¶ 17, 18 of defendant's preliminary objections. ¶¶ 5, 7, 9 of plaintiff's third amended complaint

10. Pa.R.C.P. 1006(a)

injury is inflicted[11]. For purposes of venue, and action against a corporation may only be brought the county where its registered office or principal place of business is located, a county where it regularly conducts business, the county where the cause of action arose, a county where a transaction or occurrence took place out of which the cause of action arose, or a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.[12]

All occurrences and transactions giving rise to the alleged malpractice took place in Dauphin County. The subject property of the underlying action is located in Dauphin County. The underlying litigation took place in Dauphin County. The fact that attorneys in defendant's firm may have previously litigated claims in Philadelphia County or that defendants have practiced in the Eastern District is not regularly conducting business in Philadelphia for the purposes of venue.

First, the Latshe firm became involved in representation not as the result of affirmative efforts to promote their business in Philadelphia County, but only after being requested by other clients to commence litigation in Philadelphia County, the location of the Eastern District federal courthouse. More importantly, by representing a client in Dauphin County it was not foreseeable that they would be hauled into court in Philadelphia County. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1392 (1st Cir. 1995) (The mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the

11. *Kring v. Univ. of Pittsburgh*, 829 A.2d 673, 677 (Pa. Super. Ct. 2003)
12. Pa. R. Civ. P. 2179(a)

Defendant in the forum; more is required.); *Ahrens & DeAngeli, P.L.L.C. v. Flinn*, 318 S.W.3d 474, 484 (Tex. App. 2010); *Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 269 F. Supp. 2d 547, 556 (D.N.J. 2003); *Trinity Industries, Inc. v. Myers & Associates, Ltd.*, 41 F.3d 229, 231 (5th Cir. 1995) (observing the "bare existence of an attorney-client relationship is not sufficient" to justify exercising personal jurisdiction over a non-resident attorney).

Defendants' principal place of business is outside Philadelphia County. No defendant was served in Philadelphia County.[13]

For the reasons stated above, the court appropriately determined that defendant's preliminary objection to venue should be affirmed and the case transferred to Dauphin County.

---

13. Plaintiff's claim that the defendants "could" have been served in Philadelphia while representing clients is irrelevant for purposes of venue; they were not served in Philadelphia County.