Gary HARRIS, Appellant,

v.

Herbert BRILL, William T. Jorden, Thomas Dana Watson and Gene Rumsey, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 29, 2003.

Filed Jan. 30, 2004.

Craig A. Markham, Erie, for appellant.

Richard S. Dorfzaun, Pittsburgh, for appellee.

BEFORE: FORD ELLIOTT, MUSMANNO and LALLY–GREEN, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Gary Harris ("Harris") appeals from an Order entered on April 25, 2003, granting preliminary objections filed by William T. Jorden ("Jorden"), Thomas Dana Watson ("Watson"), and Gene Rumsey ("Rumsey") (collectively "Appellees") and transferring venue to Crawford County, Pennsylvania.[1] We reverse and remand for proceedings consistent with this Opinion.

¶ 2 The instant matter involves an action filed by Harris in the Court of Common Pleas of Erie County against Brill, Jorden, Watson and Rumsey (collectively "Defendants"), alleging claims of wrongful use of civil proceedings [2] and common law abuse of process, arising from a lawsuit initiated by the Defendants against Harris (the "RICO action"). The trial court aptly summarizes the underlying facts as follows:

> [Defendants] ... are the custodians and/or board members of the trustees of Conneaut Lake Park, Inc. (hereinafter "TCLP"). On September 23, 1999, they filed a lawsuit against [Harris] in Crawford County, Pennsylvania alleging violations of the Racketeering Influenced Corrupt Organizations Act (hereinafter "RICO")(18 U.S.C. § 1961 et seq.). On October 22, 1999 upon [Harris's] request, the RICO action was removed to the United States District Court for the Western District of Pennsylvania located in Erie, Pennsylvania because [Harris] resided in Conneaut, Ohio and [Defendants] were residents of Crawford County, Pennsylvania. [Defendants] contin-

---

1. Herbert Brill ("Brill") did not file preliminary objections with regard to venue.

2. 42 Pa.C.S.A. § 8351.

ued their RICO action after it was transferred to the federal district court. [Rumsey] and [Watson] each filed voluntary dismissals of their RICO claims against [Harris] on June 13 and September 11, 2001, respectively. [Brill], on behalf of TCLP, also filed a Notice of Voluntary Dismissal of the RICO action with prejudice on May 20, 2002.[fn] At the dismissal of the RICO action [Harris] reserved only the right to seek reimbursement for the fees and costs.

[fn] [Jorden] was appointed custodian of TCLP by the Crawford County Court of Common Pleas on January 29, 1999 and [Brill] succeeded him as custodian on February 26, 2001. Therefore, [Jorden] did not file a voluntary dismissal in the RICO action.

On January 27, 2003, [Harris] filed a Complaint against [Defendants] in the Erie County Court of Common Pleas asserting abuse of process and/or wrongful use of civil proceedings (42 Pa. C.S.A. §§ 8351 & 8353). . . . [Defendants] filed Preliminary Objections to the Complaint and an Amended Complaint was filed on February 28, 2003. On March 18, 2003, [Rumsey] filed Preliminary Objections/Motion to Transfer asserting improper venue under [Pennsylvania Rule of Civil Procedure] 1006(a) & (c) because [Defendants] were residents of Crawford County and the underlying RICO action had been filed in Crawford County. In the alternative, [Rumsey] requested that the action be transferred to Crawford County pursuant to [Rule] 1006(d)(1) because most of the potential witnesses are residents of Crawford County and litigating in Erie would be inconvenient for the parties and witnesses. On March 19, 2003, [Jorden] also filed Preliminary Objections to [Harris's] Amended Complaint/Motion to Transfer asserting the same objection to venue in Erie County and also requesting the action be transferred to Crawford County pursuant to [Rule] 1006(d)(1). [Jorden] also noted that the property that was the basis for the original suit, Conneaut Lake Park, was located in Crawford County. . . .

On March 20, 2003, [Brill] filed Preliminary Objections to [Harris's] Amended Complaint, but did not allege improper venue. On March 27, 2003, [Watson] filed Preliminary Objections to Amended Complaint/Motion to Transfer, which incorporated by reference the Preliminary Objections . . . filed by [Jorden] and by the other Appellees in the case.

After oral argument, an Order was issued on April 25, 2003, [granting the change of venue request] and transferring the case to Crawford County.[3] [Harris] filed a Motion to Reconsider on April 28, 2003, that was denied by Order dated April 29, 2003.

Trial Court Opinion, 6/12/03, at 1–3. Harris filed a timely Notice of Appeal on May 1, 2003.[4]

¶ 3 On appeal, Harris raises only one issue: whether the trial court abused its discretion by granting a change of venue pursuant to Rule 1006(a). *See* Brief for

---

3. While the trial court's Order granting the preliminary objections did not specifically identify the basis upon which it was transferring venue, the trial court stated in its Opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) that it found venue in Erie County to be improper pursuant to Pennsylvania Rule of Civil Procedure 1006(a). Trial Court Opinion, 6/12/03, at 7.

4. At the outset, we note that this appeal is properly before this Court because "[a]n appeal may be taken as of right from an order in a civil action . . . changing venue . . . ." Pa. R.C.P. 311(c).

Appellant at 2. Harris argues that venue is proper in Erie County as the transaction or occurrence that gave rise to his wrongful use of civil proceedings occurred in Erie County. We agree.

¶ 4 In undertaking this analysis, we are mindful of our standard of review. In reviewing a trial court's ruling transferring venue, we will not disturb the ruling if the decision is reasonable in light of the facts. *Mathues v. Tim–Bar Corp.*, 438 Pa.Super. 231, 652 A.2d 349, 351 (1994). An abuse of discretion occurs when "the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias, or ill will." *Wood v. E.I. du Pont de Nemours and Co.*, 829 A.2d 707, 709–10 (Pa.Super.2003) (citation omitted). However, "if there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Estate of Werner v. Werner*, 781 A.2d 188, 190 (Pa.Super.2001) (citation omitted).

¶ 5 Harris argues that the trial court erred when it determined that venue was improper in Erie County. Rule 1006 states in pertinent part:

> Rule 1006. Venue. Change of Venue
>
> (a) Except as otherwise provided by Subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

Pa.R.C.P. 1006(a). The current matter involves the portion of Rule 1006(a) that provides that venue is appropriate where "a transaction or occurrence took place out of which the cause of action arose." *Id.* Harris argues pursuant to *Kring v. University of Pittsburgh*, 829 A.2d 673,

678 (Pa.Super.2003), that the transaction or occurrence that gave rise to the instant cause of action occurred in Erie County, where the Appellees continued the prosecution of the RICO action and where termination of the action occurred. By contrast, Appellees contend that venue is improper in Erie County because the transaction or occurrence that gave rise to the instant action occurred in Crawford County with the initial filing of the RICO action.

¶ 6 A panel of this Court previously held in *Kring* that the appropriate consideration when determining venue in a claim of wrongful use of civil proceedings is the location of the underlying litigation, rather than the transaction or occurrence supporting the underlying litigation. *Id.* In *Kring*, this Court found that venue was proper in Allegheny County, rather than Washington County, because the entire underlying lawsuit took place in the Federal District Court located in Allegheny County. *Id.* This Court explained that it declined to hold that one part of Appellant's lawsuit, *i.e.*, his alleged damages, was sufficient to establish that the occurrence from which Appellant's cause of action arose transpired in Washington County. *Id.* The instant action differs from *Kring* because the entire underlying action did not occur in the same county, as Harris removed the case to federal court, which was sitting in Erie County. It is this fact that the trial court relies upon to conclude that venue does not properly lie in Erie County.

¶ 7 The Pennsylvania Supreme Court previously interpreted the meaning of "transaction or occurrence" in *Craig v. W.J. Thiele & Sons, Inc.*, 395 Pa. 129, 149 A.2d 35, 37 (1959). In fact, the note to Rule 1006(a) references *Thiele* for a defini-

tion of a transaction or occurrence.[5] In *Thiele*, the Supreme Court required that the transaction, and not merely *some part* of the transaction, take place in the county where venue is laid. *Id.* The Supreme Court explained that any other result "would lead only to confusion and ... 'forum shopping' if the law were to permit suit to be commenced against a [defendant] in any county·where any facet of a complex transaction occurred." *Id.; see also Pennsylvania Higher Education Assistance Agency v. Devore*, 267 Pa.Super. 74, 406 A.2d 343, 344 (1979) (for venue purposes, the phrase "transaction or occurrence" does not include the performance of any act in formation of the contract, but is the ultimate formation of the contract itself.) While *Thiele* involved an action for breach of contract, rather than one alleging wrongful use of civil proceedings or abuse of process, we believe the principles set forth therein regarding venue must guide our decision in the instant matter. In *Thiele*, the Supreme Court noted that parties cannot avoid the "transaction" requirement by characterizing "a part of a transaction" as an "occurrence." *Id.* at 37.

¶ 8 An action for wrongful use of civil proceedings is defined by statute as:

§ 8351.  Wrongful use of civil proceedings

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351.  An action for wrongful use of civil proceedings does not arise from the mere institution of an allegedly wrongful action.  Rather, it requires that: (1) the procurement, initiation, or continuation of civil proceedings be undertaken in a negligent manner or for a wrongful purpose; and (2) the proceedings terminate in favor of the person against whom they were brought.

■■■ ¶ 9 In this case, the actions necessary to establish both elements of wrongful use of civil proceedings took place in Erie County.  There is no question that the Appellees *continued* the RICO action once it was removed to the District Court of the Western District of Pennsylvania sitting in Erie County, Pennsylvania.  Furthermore, the case was concluded in Erie County.[6]  Consequently, venue properly lies in Erie County.[7]

---

**5.** Although *Thiele* involved an interpretation of Rule 2179 (relating to proper venue in an action against a corporation), rather than Rule 1006, the identical language was at issue.

**6.** Appellees seemingly argue that the second element, requiring that the case be terminated in favor of Harris, was not met.  See Brief for Appellees at 8. Essentially, Appellees argue that this court should consider whether Harris's Amended Complaint is legally sufficient. However, this issue is not before this Court, as Appellees did not raise this issue before the trial court by filing preliminary objections in the nature of a demurrer.  *See* Pennsylvania Rule of Civil Procedure 1028(a)(4) (providing that preliminary objections may be filed on the grounds of the legal insufficiency).

**7.** We need not consider whether venue lies in Erie County with respect to Harris's common law abuse of process claim.  Rule 1006(f)(1) provides that where "the plaintiff states more than one cause of action against the same defendant ..., the action may be brought in any county in which any one of the individual causes of action might have been brought."

¶ 10 The trial court improperly relies upon the fact that Harris removed the RICO action from Crawford County, causing the situs of lawsuit to be changed to Erie County, in concluding that venue is improper in Erie County. The fact that Harris removed the underlying RICO action is of no moment for the purpose of determining venue in a wrongful use of proceedings or abuse of process cause of action. Consequently, we conclude that the trial court abused its discretion when it relied upon the fact that Harris removed the RICO action to federal court, as the basis to determine that venue did not properly lie in Erie County.

¶ 11 In this case, venue does not lie in Crawford County on the basis of the wrongful use of civil proceedings claim. While the RICO action was initiated in Crawford County, the case was not terminated in Crawford County. The initiation of the lawsuit is only one facet of a complex transaction giving rise to a claim of wrongful use of civil proceedings. *See Kring,* 829 A.2d at 678 (explaining that the existence of one element of the lawsuit in a county is not sufficient to create venue in a claim for wrongful use of civil proceedings). Therefore, the transaction or occurrence giving rise to the claim of wrongful use of civil proceedings did not occur in Crawford County. However, this does not mean that venue in this case is improper in Crawford County.

¶ 12 As the trial court correctly determined, venue is proper in Crawford County on the basis of Harris's common law abuse of process claim.

To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process. Thus, the gravamen of this tort is the perversion of legal process to benefit someone in achieving a purpose which is not an authorized goal of the procedure in question.

*Werner v. Plater–Zyberk,* 799 A.2d 776, 785 (Pa.Super.2002). The initiation of the RICO action is sufficient to establish a transaction or occurrence that gives rise to Harris's common law abuse of process claim. Consequently, venue is proper in Crawford County on the basis of the abuse of process claim.

¶ 13 The trial court, having concluded that venue was improper in Erie County, did not rule on the preliminary objections to venue based upon *forum non conveniens* filed by Rumsey, Jorden, and Watson. *See* Trial Court Opinion, 6/12/03, at 7. Since venue is proper in both counties, it is necessary for the trial court to determine the Appellees' preliminary objections to venue based upon *forum non conveniens.*

¶ 14 Order reversed; matter is remanded for proceedings consistent with this Opinion; jurisdiction relinquished.