J-A30035-14

2015 PA Super 27

| FRANCES R. B. BAYLSON AND MICHAEL M. BAYLSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| GENETICS & IVF INSTITUTE A/K/A FAIRFAX CRYOBANK AND MORRIS AND CLEMM, PC AND MARK CLEMM | |
| Appellees | No. 228 EDA 2014 |

Appeal from the Order Entered November 27, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 130500893

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

OPINION BY LAZARUS, J.:                    **FILED FEBRUARY 09, 2015**

Frances R.B. Baylson (Dr. Batzer) and her husband, Michael M. Baylson (collectively, Appellants) appeal from the orders of the Court of Common Pleas of Philadelphia County, transferring this matter to the Court of Common Pleas of Montgomery County.  After careful review, we reverse and remand.

On May 10, 2013, Appellants commenced this action for wrongful use of civil proceedings (Dragonetti Act, 42 Pa.C.S. §§ 8351-8354) by filing a praecipe for a writ of summons against Genetics & IVF Institute a/k/a Fairfax Cryobank (Genetics) and Morris and Clemm, PC (M&C) and Mark Clemm,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Esquire (Clemm). In their complaint filed August 12, 2013, Appellants averred that their claim arose out of a lawsuit filed in the Court of Common Pleas of Montgomery County, *Genetics & IVF Institute, et al. v. Pennsylvania Reproductive Associates, Inc., et al.*, No. 2011-27330 (the Montgomery County action), in which Genetics was represented by M&C and Clemm, and Dr. Batzer was named as an individual defendant. On May 16, 2012, the Montgomery County trial court dismissed that matter with prejudice, having determined that, pursuant to the contract at issue, jurisdiction was proper only in the courts of Virginia.[1]

In their Dragonetti Act complaint, Appellants aver the following: they are residents of Philadelphia; Genetics is a Virginia corporation that conducts

---

[1] In its amended complaint in the Montgomery County action, plaintiff Genetics states that it is in the business of storing reproductive material. It names as defendants Pennsylvania Reproductive Associates, Inc. (PRA), Philadelphia Fertility Institute, Inc. (PFI), and Fertility Testing Laboratories, Inc. (FTL). Genetics also names as individual defendants four physicians, including Dr. Batzer, whom it identifies as officers, directors and shareholders of PRA, PFI and FTL. Genetics also avers that "PRA, PFI and FTL were sham corporations used by [the four doctors] to conduct their own personal business." Amended Complaint, 11/22/11, at ¶ 16.

In 2007, Genetics entered into two-year storage lease agreements with PRA and FTL to store frozen embryos, tissue and sperm. Genetics avers that the corporate entities are no longer in business, the leases have expired, and that despite its demands, "the Defendants have failed and/or refused to remove the tanks containing the Reproductive Material." *Id.* at 24. The amended complaint seeks damages for breach of contract and equitable relief, including an order directing defendants to remove the reproductive material from its facility.

business in Pennsylvania; at all relevant times, Genetics operated an office in Philadelphia; and Genetics' counsel, M&C and Clemm, practice law in Montgomery County. Complaint, ¶¶ 1-3.

Appellants assert that Genetics and its counsel knew that the corporate parties to the lease had been dissolved, and that Dr. Batzer was not personally involved in the affairs of the dissolved companies. *Id.* at ¶ 10. Furthermore, they allege that Genetics and its counsel knew that Genetics' claim could not be brought in any Pennsylvania court because the lease agreement limited jurisdiction to Virginia courts. *Id.* at ¶ 12.

Appellants further allege that Genetics knew the allegations that the corporate entities were a sham were "completely false and meritless." *Id.* at ¶ 31. They also allege that M&C and Clemm "ignored and breached their duty to investigate the facts concerning Dr. Batzer before filing the original complaint and before filing the amended complaint against Dr. Batzer." *Id.* at ¶ 32.

On August 14, 2013, M&C and Clemm filed preliminary objections raising improper venue and failure to state a cause of action, and on September 4, 2013, Genetics filed preliminary objections on several bases, none of which related to venue. On November 27, 2013, the court issued separate orders sustaining the preliminary objections to venue filed by

Genetics and M&C and Clemm, transferring the case to Montgomery County.[2]

This timely appeal followed in which the sole issue raised is whether the trial court erred by ordering a change of venue from Philadelphia County to Montgomery County in a wrongful use of civil proceedings case, solely because the underlying litigation was filed in Montgomery County.[3]

> When reviewing a trial court's decision to transfer venue, our standard of review is as follows: A trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will.

**Sehl v. Neff**, 26 A.3d 1130, 1132 (Pa. Super. 2011) (citation and quotation marks omitted).

As an initial matter, we note that pursuant to Pa.R.C.P. 2179, a personal action against a corporation may be brought in the county where its registered office or principal place of business is located, or a county where it regularly conducts business. **See** Pa.R.C.P. 2179(a). Here, Genetics operated an office at 3401 Market Street in Philadelphia, thus making Philadelphia County a proper venue for Appellants' action against it.

---

[2] As noted above, Genetics did not object to venue. "Improper venue shall be raised by preliminary objection and if not so raised shall be waived." Pa.R.C.P. 1006(e).

[3] "An appeal may be taken as of right from an order in a civil action . . . changing venue . . . ." Pa.R.A.P. 313(c).

Furthermore, an action to enforce joint and several liability against two or more defendants "may be brought against all defendants in any county in which the venue may be laid against one of the defendants." Pa.R.C.P. 1006(c). Accordingly, under Rule 1006(c), Philadelphia County was a proper venue to sue both Genetics and its counsel.[4]

Nevertheless, the trial court transferred the instant matter to Montgomery County relying upon two decisions from this Court: *Harris v. Brill*, 844 A.2d 567 (Pa. Super. 2004); and *Kring v. University of Pittsburgh*, 829 A.2d 873 (Pa. Super. 2003). While these cases, which both involve Dragonetti actions, are relevant, we disagree that they support the trial court's conclusion that "[v]enue is proper only in Montgomery County. Venue is not proper in Philadelphia and this court has no jurisdiction to hear the case." Order, 11/27/13, Ex. A, at 2. Rather, as explained herein, venue is proper in both counties.

In *Kring*, the University of Pittsburgh School of Law's Health Law Clinic represented a patient who filed an action against a Washington County dentist in the U.S. District Court for the Western District of Pennsylvania, in Pittsburgh. The suit was filed under the Americans with Disabilities Act, 42

---

[4] We note that the Pennsylvania Supreme Court has not provided an exception to the general venue rules for Dragonetti actions, as it did for medical professional liability actions against a healthcare provider, which may only be brought in the county in which the cause of action arose. *See* Pa.R.C.P. 1006(a.1).

U.S.C. §§ 12101-12213, and, after trial, the jury ruled in favor of Kring, and against the patient.

Kring subsequently filed a complaint in the Court of Common Pleas of Washington County raising a Dragonetti claim against the University. The University filed preliminary objections claiming improper venue, which the trial court sustained, "concluding that venue is improper in Washington County, but proper in Allegheny County." *Kring*, 829 A.2d at 675.

Venue is proper in the county where a transaction or occurrence took place out of which the cause of action arose. *See* Pa.R.C.P. 1006(a)(1); Pa.R.C.P. 2179(a)(3)(4). *Kring* holds that a cause of action for wrongful use of civil proceedings occurs when the underlying lawsuit terminates in favor of the Dragonetti Act plaintiff. In *Kring*, this occurred in Allegheny County when the federal district court rendered a verdict in favor of Kring. Accordingly, the transaction or occurrence requirement could not serve as a basis for venue in Washington County. Additionally, this Court rejected Kring's argument that the University regularly conducts business in Washington County, thus precluding venue based on Pa.R.C.P. 2179(a)(2) (action may be brought against corporation or similar entity where it regularly conducts business).

Faced with a situation where there was no venue in Washington County, but there was venue in Allegheny County, the *Kring* court properly transferred the matter to Allegheny County.

*Kring* does not stand for the broad proposition that a plaintiff may bring a Dragonetti action *only* in the county where the underlying action took place. Rather, it stands for the more limited proposition that venue is proper in that county.

In **Harris**, **supra**, three individuals, who were residents of Crawford County, filed a lawsuit against Harris alleging violations of the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. §§1961-1968 in the Court of Common Pleas of Crawford County. Harris removed the action to U.S. District Court for the Western District of Pennsylvania, in Erie. While the matter was pending, each plaintiff filed a voluntary dismissal of his claim.

Subsequently, Harris filed a Dragonetti action against the three individuals in the Court of Common Pleas of Erie County. The defendants filed preliminary objections asserting that venue was improper in Erie County, and that the case should be transferred to Crawford County under *forum non conveniens* pursuant to Pa.R.C.P. 1006(d)(1). The trial court agreed, and transferred the matter to Crawford County.

On appeal, this Court reversed, noting that in a claim involving an individual, venue is appropriate where "a transaction or occurrence took place out of which the cause of action arose." Pa.R.C.P. 1006(a). Consistent with **Kring**, this Court held that termination of the federal court litigation in Erie County rendered Erie County the place where the claim for wrongful use of civil proceedings arose. Therefore, venue was proper in Erie

County. However, we noted, "this does not mean that venue in this case is improper in Crawford County." **Harris**, **supra** at 572.[5] Accordingly, this Court reversed the order of the trial court and remanded for further proceedings, including the determination of preliminary objections to venue based on *forum non conveniens*.

Likewise, in the instant matter, venue is proper in Philadelphia because Genetics had an office in Philadelphia and regularly conducted business there. **See** Pa.R.C.P. 2179. Accordingly, under Pa.R.C.P. 1006(c)(2), which governs joint and several liability among defendants, venue is also proper in Philadelphia with respect to Appellees M&C and Clemm. It is equally clear that venue is proper in Montgomery County because that is where the underlying suit was decided, leading to the events from which the wrongful use of civil proceedings arose. **See Kring**, **supra**; **Harris**, **supra**.

Because the trial court erred when it held that venue is proper only in Montgomery County, and not in Philadelphia County, we reverse the orders of the Court of Common Pleas and remand for the court to rule on the remaining preliminary objections.

Order reversed; matter remanded for proceedings consistent with this opinion; jurisdiction relinquished.

---

[5] In their preliminary objections, the **Harris** defendants noted they were residents of Crawford County. Accordingly, venue was also proper in Crawford County because the defendants could be served there. **See** Pa.R.C.P. 1006(a)(1).

Judge Platt did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015