J-A32017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SWZ FINANCIAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY, AP STUDENT LOAN RELIEF, LLC, A DELAWARE LIMITED LIABILITY COMPANY, PAYLESS FINANCIAL GROUP, LLC, A FLORIDA LIMITED LIABILITY COMPANY AND EDWARD C. WELKE, AN INDIVIDUAL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| SARAH WONDERS, AN INDIVIDUAL | |
| Appellee | No. 64 WDA 2015 |

Appeal from the Order Dated December 9, 2014
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 1647 of 2014

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:　　　　　　　　**FILED DECEMBER 30, 2015**

SWZ Financial, LLC, a Delaware Limited Liability Company, AP Student Loan Relief, LLC, a Delaware Limited Liability Company, Payless Financial Group, LLC, a Florida Limited Liability Company, and Edward C. Welke, an Individual (collectively, "SWZ Financial"), appeal the order of the trial court, entered December 9, 2014, in the Court of Common Pleas of Westmoreland County, sustaining preliminary objections filed by appellee, Sarah Wonders, an Individual (Wonders), and dismissing SWZ Financial's complaint on the grounds of improper venue.   SWZ Financial contends the trial court erred in granting Wonders' preliminary objection for improper venue and dismissing

SWZ Financial's complaint. Based upon the following, we reverse and remand to the trial court for further proceedings to address the remaining preliminary objections.

This appeal arises from the complaint filed by SWZ Financial against Wonders on May 16, 2014, in the Court of Common Pleas of Westmoreland County, alleging abuse of process.[1] For purposes of this appeal, we summarize the allegations of SWZ Financial's complaint, as follows.

_____

[1] To establish a claim for abuse of process, the plaintiff must show the defendant

> (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process. Thus, the gravaman of this tort is the perversion of legal process to benefit someone in achieving a purpose which is not an authorized goal of the procedure in question.

*Harris v. Brill*, 844 A.2d 567, 572 (Pa. Super. 2004)(citation omitted). We note that an action for abuse of process differs from an action for wrongful use of civil proceedings ("Dragonetti action"). Pennsylvania's Dragonetti Act provides, in part:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

*(Footnote Continued Next Page)*

SWZ Financial plaintiffs each have an address in Florida. Wonders resides in Export, Westmoreland County, Pennsylvania. Wonders is a former employee of United Tax Group, LLC (UTG), a Delaware limited liability company that, until November 27, 2013, maintained its principal place of business in Jupiter, Florida. On February 11, 2013, Wonders filed an action against UTG in the United States District Court for the Southern District Court of Florida, alleging, *inter alia*, a "hostile work environment" under Title VII of The Civil Rights Act and a similar statute, the Florida Civil Rights Act. The action proceeded to a jury trial on November 12 and 13, 2013, and the jury awarded Wonders $70,000.00.

Counsel for UTG had advised Wonders' counsel that UTG would be unable to pay a substantial judgment due to its poor financial situation. On December 23, 2013, following the entry of judgment, Wonders filed an action in the 15th Judicial Circuit in Palm Beach County, Florida, seeking injunctive relief and damages pursuant to the Uniform Fraudulent Transfer Act (UFTA) against UTG and SWZ Financial, and two other defendants, claiming the party defendants had conspired in the fraudulent transfer of UTG assets.

*(Footnote Continued)* _____

> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a).

On January 21, 2014, counsel for SWZ Financial sent documents to Wonders that conclusively demonstrated that none of SWZ Financial plaintiffs were members of UTG or ever received any of UTG's assets. Wonders refused to discontinue the UFTA case against SWZ Financial notwithstanding receipt of the documents. Because UTG has filed for bankruptcy, the Florida action has been stayed. *See* SWZ Financial's Complaint, 5/16/2014, at ¶¶1–24.

SWZ Financial alleges Wonders has "perverted and abused the legal process for the purpose of obtaining a benefit for [Wonders] to which she is not entitled." *Id.* at ¶30. SWZ Financial further alleges that "[Wonders'] sole purpose in instituting the action against SWZ Financial is to coerce SWZ Financial, who clearly are not liable for the debts of UTG, to pay money to [Wonders] in satisfaction of her claims against UTG," and that "[Wonders] willfully and intentionally made illegal, improper or perverted use of the process, as set forth above, with the actual knowledge of the wrongfulness of her conduct and the high probability of causing damages to [SWZ Financial]." *Id.* at ¶¶32–33. SWZ Financial claims damages for being required to incur substantial legal fees and other damages, including damages to reputation. *See id.* at ¶34.

In response to SWZ Financial's complaint, Wonders filed preliminary objections, including "Pa.R.C.P. 1028(a)—Improper Venue/*forum non*

*conveniens.*[2, 3]  Wonders' Preliminary Objections, 6/19/2014, at 5–8, § III.

The court sustained Wonders' preliminary objection for improper venue and

dismissed SWZ Financial's complaint, stating "Florida is the appropriate

venue for an abuse of process claim such as this one, because underlying

litigation is taking place in Palm Beach County, Florida, Florida law applies to

---

[2] Pennsylvania Rule of Civil Procedure 1028, which limits preliminary objections to certain specified grounds, permits "improper venue" to be raised by preliminary objection.  **See** Pa.R.C.P. 1028(a)(1).  Furthermore, Rule 1006, governing venue, states, in relevant part, that "[i]mproper venue shall be raised by preliminary objection and if not so raised shall be waived." Pa.R.C.P. 1006(e).

[3] Wonders' preliminary objections regarding *forum non conveniens* cite 42 Pa.C.S. § 5322(e).  **See** Wonders' Preliminary Objections, 6/19/2014, at ¶26.  Section 5322(e) of the Judicial Code "controls when the alternative venue is out-of-state. When the alternative venue is in-state, Pa.R.C.P. 1006(d)(1) controls." ***Pisieczko v. Children's Hosp.***, 73 A.3d 1260, 1262 n.3 (Pa. Super. 2013).

We note that "a petition, not preliminary objections, is the proper vehicle in which to raise a *forum non conveniens* challenge." ***Aerospace Fin. Leasing v. New Hampshire Ins. Co.***, 696 A.2d 810, 813 n.11 (Pa. Super. 1997).  ***See also Zappala v. Brandolini Prop. Mgmt.***, 909 A.2d 1272, 1282 (Pa. 2006) ("The Note to Rule 1028 provides that '[o]f the three grounds available to challenge venue, only improper venue may be raised by preliminary objection as provided by Rule 1006(e). *Forum non conveniens* and inability to hold a fair and impartial trial are raised by petition as provided by Rule 1006(d)(1) and (2).'").

We further note that SWZ Financial has objected to Wonders' improper use of preliminary objections raising *forum non conveniens*.  **See** SWZ Financial's Response to [Wonder's] Preliminary Objections, 7/7/2014, at ¶16.

this case, and all Plaintiffs are Florida residents or doing business in Florida."

Order, 12/9/2014, at 2, ¶3. This appeal followed.[4]

Our standard of review is well settled:

A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. A decision to transfer venue will not be reversed unless the trial court abused its discretion. A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper.

***Wilson v. Levine***, 963 A.2d 479, 482 (Pa. Super. 2008) (citation omitted).

SWZ Financial argues that this action was filed in Westmoreland County, Pennsylvania, in accordance with Pa.R.C.P. 1006, which provides, in pertinent part:

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this Rule, an action against an individual may be brought in and only in a County in which

(1) The individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, …

Pa.R.C.P. 1006(a)(1). SWZ Financial asserts "[Wonders] resided in Westmoreland County and was served in said County and the action was filed in Westmoreland County. Based on Rule 1006(a)(1) Westmoreland County is the proper venue." SWZ Financial's Brief at 8–9. ***See also*** SWZ Financial's Response to [Wonders'] Preliminary Objections, at ¶12. ("Rule

---

[4] The trial court did not issue an order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

1006 provides that an action against an individual can be brought in a county in which the individual may be served. [Wonders] is a resident of Westmoreland County where this action was initiated."). Furthermore, SWZ Financial asserts "[v]enue in an abuse of process case is not based on a transaction or occurrence or in which jurisdiction an underlying action was filed." *Id.* at 9.

Here, the trial judge determined venue was improper in Westmoreland County, citing *Harris v. Brill*, 844 A.2d 567 (Pa. Super. 2004), and *Kring v. University of Pittsburgh*, 829 A.2d 673 (Pa. Super. 2003). *See* Order, 12/9/2014, at 4–5. Recently, this Court explained these decisions as follows:

> In *Kring*, the University of Pittsburgh School of Law's Health Law Clinic represented a patient who filed an action against a Washington County dentist in the U.S. District Court for the Western District of Pennsylvania, in Pittsburgh. The suit was filed under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and, after trial, the jury ruled in favor of Kring, and against the patient.
>
> Kring subsequently filed a complaint in the Court of Common Pleas of Washington County raising a Dragonetti claim against the University. The University filed preliminary objections claiming improper venue, which the trial court sustained, "concluding that venue is improper in Washington County, but proper in Allegheny County." *Kring*, 829 A.2d at 675.
>
> Venue is proper in the county where a transaction or occurrence took place out of which the cause of action arose. *See* Pa.R.C.P. 1006(a)(1); Pa.R.C.P. 2179(a)(3), (4). *Kring* holds that a cause of action for wrongful use of civil proceedings occurs when the underlying lawsuit terminates in favor of the Dragonetti Act plaintiff. In *Kring*, this occurred in Allegheny County when the federal district court rendered a verdict in favor of Kring.

- 7 -

Accordingly, the transaction or occurrence requirement could not serve as a basis for venue in Washington County. Additionally, this Court rejected Kring's argument that the University regularly conducts business in Washington County, thus precluding venue based on Pa.R.C.P. 2179(a)(2) (action may be brought against corporation or similar entity where it regularly conducts business).

Faced with a situation where there was no venue in Washington County, but there was venue in Allegheny County, the *Kring* court properly transferred the matter to Allegheny County.

*Kring* does not stand for the broad proposition that a plaintiff may bring a Dragonetti action only in the county where the underlying action took place. Rather, it stands for the more limited proposition that venue is proper in that county.

In *Harris, supra*, three individuals, who were residents of Crawford County, filed a lawsuit against Harris alleging violations of the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. §§1961-1968 in the Court of Common Pleas of Crawford County. Harris removed the action to U.S. District Court for the Western District of Pennsylvania, in Erie. While the matter was pending, each plaintiff filed a voluntary dismissal of his claim.

Subsequently, Harris filed a Dragonetti action [and abuse of process action] against the three individuals in the Court of Common Pleas of Erie County. The defendants filed preliminary objections asserting that venue was improper in Erie County, and that the case should be transferred to Crawford County under *forum non conveniens* pursuant to Pa.R.C.P. 1006(d)(1). The trial court agreed, and transferred the matter to Crawford County.

On appeal, this Court reversed, noting that in a claim involving an individual, venue is appropriate where "a transaction or occurrence took place out of which the cause of action arose." Pa.R.C.P. 1006(a). Consistent with *Kring*, this Court held that termination of the federal court litigation in Erie County rendered Erie County the place where the claim for wrongful use of civil proceedings arose. Therefore, venue was proper in Erie County. However, we noted, "this does not mean that venue in this case is improper in Crawford County." *Harris, supra* at 572.

- 8 -

Accordingly, this Court reversed the order of the trial court and remanded for further proceedings, including the determination of preliminary objections to venue based on *forum non conveniens*.

*Baylson v. Genetics & IVF Institute*, 110 A.3d 187, 189–190 (Pa. Super. 2015) (footnote omitted).[5]

We find that neither *Kring* nor *Harris* support the trial court's decision that venue is improper in Westmoreland County. We note that both cases only dealt with the "transaction or occurrence" portion of Rule 1006(a)(1). We further note that both cases stand for the proposition that venue in a Dragonetti action is proper in the county where the underlying lawsuit terminated in favor of the Dragonetti plaintiff — not that venue is **only** proper in such county.

---

[5] In *Baylson*, this Court held the trial court erred in transferring the plaintiffs' Dragonetti action to Montgomery County based on a belief that venue was only proper there. This Court explained:

> [V]enue is proper in Philadelphia because [defendant] Genetics had an office in Philadelphia and regularly conducted business there. *See* Pa.R.C.P. 2179. Accordingly, under Pa.R.C.P. 1006(c)(2), which governs joint and several liability among defendants, venue is also proper in Philadelphia with respect to [defendants] M&C and Clemm. It is equally clear that venue is proper in Montgomery County because that is where the underlying suit was decided, leading to the events from which the wrongful use of civil proceedings arose. *See Kring, supra; Harris, supra*.

*Id.* at 190. The *Baylson* Court reversed the orders sustaining the preliminary objections and remanded for the court to rule on the remaining preliminary objections. *See id.*

Here, Wonders does not dispute SWZ Financial's argument that she resides in Westmoreland County and was served in Westmoreland County. *See* Pa.R.C.P. 1006(a)(1) ("[A]n action against an individual may be brought in and only in a County in which (1) the individual may be served …."). Rather, Wonders contends "Because the Circuit Court in Palm Beach County, Florida is presiding over the Florida Litigation between the parties, the [c]ourt in Florida is the appropriate venue for the instant case." Wonders' Brief at 5. *See also* Wonders' Preliminary Objections, 6/19/2014, at ¶25. However, "per Rule 1006(a), venue is valid 'where the individual may be served.'" *Silver v. Thompson*, 26 A.3d 514, 517 (Pa. Super. 2011). Therefore, we conclude the trial court erred in granting Wonders' preliminary objection and dismissing SWZ Financial's complaint on the grounds of improper venue.

Accordingly, we reverse and remand for the court to address Wonders' remaining preliminary objections.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2015

- 10 -