# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward C. Leckey,                              :
                        Appellant             :
                                              :
            v.                                :    No. 833 C.D. 2016
                                              :    Submitted:  March 24, 2017
Fred Livingston, Dan Ahner and                :
American States Insurance Company             :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                          **FILED:  August 10, 2017**


Edward C. Leckey (Appellant), a Pennsylvania-licensed attorney representing himself, challenges on appeal separate orders of the Court of Common Pleas of Allegheny County (trial court), sustaining the preliminary objections of American States Insurance Company (American States) and Dan Ahner (Ahner), an employee of American States, and Fred Livingston (Officer Livingston), a police officer, and dismissing Appellant's complaint.  Appellant's only contention on appeal is that the trial court improperly denied him the opportunity to amend his complaint to cure the deficiencies in his pleading.  For the reasons set forth below, we affirm.

In his complaint, Appellant alleged that on September 25, 2014, he backed his car out of his driveway and struck a vehicle insured by American States.  Appellant alleged that the owner and operator of the vehicle, Gabrielle Elliot, had the vehicle in a "no parking at any time" section of the street.

(Reproduced Record (R.R.) at 4a.) Thus, Appellant alleged that the accident was caused by Elliot's illegally parked car. Appellant averred that Officer Livingston responded to the accident and prepared an accident report. Appellant averred that the accident report did not contain Elliot's insurance information, and he believes that Officer Livingston did not take down Elliot's insurance information. Appellant also averred that Officer Livingston failed to note in the accident report that Elliot's car was illegally parked and failed to issue a citation to Elliot for parking illegally.

As to Ahner and American States, Appellant averred in his complaint that Ahner and American States were continuing to "pursue a [c]laim" against Appellant, but he did not specify the nature of the claim. (R.R. at 5a.) Appellant did allege that the claim raised by Ahner and American States "will result in [Appellant] and his wife being an assigned risk for automobile insurance purposes on account of which the insurance premiums for their automobile insurance will be astronomical, which [Appellant] estimates will be an additional [$1,500] per year." (*Id*.) Appellant alleged that Ahner and American States are committing an abuse of process by proceeding with their claim. Appellant also alleged that Officer Livingston committed willful misconduct by failing to issue a citation to Elliot for her illegally parked car and for failing to note that Elliot's car was illegally parked when Appellant struck the car. Furthermore, Appellant alleges that Officer Livingston "conspired with [American States] for the pursuit of an abuse of process against [Appellant]." (*Id.* at 6a.) Based on the above, Appellant sought punitive damages against American States, Ahner, and Officer Livingston

2

(collectively, "Defendants") for malicious and outrageous conduct in an amount not to exceed $35,000.[1]

On January 14, 2016, Ahner and American States each filed preliminary objections to Appellant's complaint. Both lodged objections in the nature of a demurrer, challenging the legal sufficiency of Appellant's claims against them. Ahner additionally claimed that the trial court lacked *in personam* jurisdiction over him. By Memorandum and Order dated February 11, 2016, the trial court sustained Ahner's and American States' preliminary objections and dismissed Appellant's complaint with respect to those two parties, reasoning:

> In his Memorandum in Opposition to Preliminary Objections, plaintiff describes this lawsuit as brought because of "an action which is brought without probable cause for an improper purpose."
>
> However, plaintiff never identifies any lawsuit brought by . . . Ahner and American States . . . against plaintiff in which plaintiff prevailed. In fact, plaintiff never identifies any lawsuit filed in any state or federal court that . . . Ahner and American States . . . brought against plaintiff.
>
> Also, if a lawsuit had been brought against plaintiff arising out of plaintiff's striking a vehicle parked illegally, and if plaintiff had prevailed, plaintiff could not successfully pursue a claim for abuse of process against the person who sued plaintiff. This is not a remedy that is available to the winner of a red car-blue car dispute. Even under plaintiff's version of the facts, as described in his Complaint, it was not obvious that the fact finder would find the person who parked her car illegally was responsible for the accident.

---

[1] Because Appellant did not seek damages in excess of $35,000, the lawsuit was subject to compulsory nonbinding arbitration according to Allegheny County Local Rule 1301.

3

(Certified Record (C.R.), Item No.13.)

On March 21, 2016, Officer Livingston filed preliminary objections, challenging the legal sufficiency of Appellant's claims against him, emphasizing that Appellant's claims are barred by immunity and Appellant failed to allege that Officer Livingston's actions fell within an enumerated exception to immunity.[2] On April 15, 2016, the trial court heard argument on Officer Livingston's preliminary objections. Thereafter, by Order dated April 19, 2016, the trial court sustained Officer Livingston's preliminary objections, thereby dismissing the remaining claims in Appellant's complaint.

On appeal to this Court, Appellant alleges in his brief that during the oral argument on Officer Livingston's preliminary objections, Appellant handed up

---

[2] Section 8541 of the Judicial Code, 42 Pa. C.S. § 8541, pertaining to governmental immunity generally, provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Section 8542 of the Judicial Code, 42 Pa. C.S. § 8542, pertaining to exceptions to governmental immunity, sets forth the exceptions to governmental immunity. Section 8545 of the Judicial Code, 42 Pa. C.S. § 8545, pertaining to official liability generally, provides:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

Section 8550 of the Judicial Code, 42 Pa. C.S. § 8550, pertaining to willful misconduct, provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

4

to the trial court judge[3] a Motion for Leave to File an Amended Complaint with an attached proposed Amended Complaint (Motion to Amend). Appellant includes a copy of this document in his Reproduced Record (R.R.). (R.R. 53a-65a.) Appellant, however, concedes in his brief that he never filed the Motion to Amend with the trial court prothonotary. (Appellant's Br. at 6.) Moreover, the certificate of service attached to the Motion to Amend reflects that Appellant served the Motion to Amend on counsel for Officer Livingston only and did not serve it on counsel for Ahner and American States.

On May 19, 2016, Appellant filed his Notice of Appeal. Apparently realizing thereafter that his Motion to Amend did not appear in the trial court's docket, on June 29, 2016, Appellant filed a Motion to Amplify and Correct Record (Motion to Correct), asking that the trial court enter an order recognizing that Appellant presented his Motion to Amend to the presiding judge during the April 15, 2016 oral argument on Officer Livingston's preliminary objections. The trial court's certified record does not reflect any decision by the trial court on either the Motion to Amend or the Motion to Correct.[4]

---

[3] The Honorable R. Stanton Wettick, Jr., presided.

[4] On August 5, 2016, Appellant filed with this Court a designation of contents of reproduced record on appeal (Designation), in which he included the Motion to Amend. Ahner and American States objected to the Designation, arguing that the Motion to Amend was never filed with the prothonotary of the trial court and, thus, could not be included in the reproduced record. By Order dated September 9, 2016, this Court struck the Motion to Amend from the Designation and precluded Appellant from including the Motion in his reproduced record or referring to its contents in his brief. Appellant filed an application for reargument *en banc*, which was granted in part by Order dated October 12, 2016. This Court's October 12, 2016 Order directed the trial court to certify the Motion, if the trial court had it, as a supplemental record. The trial court filed a supplemental record with the Court, which included a copy of this **(Footnote continued on next page…)**

On July 18, 2016, the trial court filed a Memorandum, pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, briefly setting forth the reasons it dismissed Appellant's complaint. With respect to Ahner and American States, the trial court incorporated its February 11, 2016 Memorandum and Order. With respect to the claims against Officer Livingston, the trial court opined that Appellant's allegations against Officer Livingston did not describe acts of "willful misconduct" and the alleged acts did not fall within any of the statutory exceptions to governmental immunity. Moreover, the trial court held that Officer Livingston owed no duty to Appellant to issue a citation to Elliot for illegally parking her vehicle. Finally, the trial court dismissed the conspiracy claim because it had previously dismissed the claims against the other defendants.

On appeal,[5] Appellant argues only that the trial court erred by failing to grant his Motion to Amend.[6] Pursuant to Rule 1028(c)(1) of the Pennsylvania Rules of Civil Procedure, Appellant had a right to file an amended complaint as of course within twenty days after service of the preliminary objections in this matter. "Except where an amendment is allowed as of course under Pa. R.C.P. No. 1028, or granted as of right under other provisions of the Rules of Civil Procedure, the

---

**(continued…)**

Court's October 12, 2016 Order and a copy of the Motion to Amend, bearing a filing date and stamp of November 7, 2016.

[5] Because this is an appeal from the dismissal of an action on preliminary objections, our standard of review is *de novo* and our scope of review is plenary. *Keller v. Scranton City Treasurer*, 29 A.3d 436, 443 n.12 (Pa. Cmwlth. 2011).

[6] Appellant does not argue on appeal that the trial court erred in sustaining Defendants' preliminary objections.

6

trial court has discretion of whether to allow amended pleadings." *Weaver v. Franklin Cnty.*, 918 A.2d 194, 203 (Pa. Cmwlth.), *appeal denied*, 931 A.2d 660 (Pa. 2007). In the absence of a clear abuse of that discretion, we may not reverse the trial court's decision.[7] *Id.*

In the instant case, Appellant did not avail himself of the opportunity to file an amended pleading as of right within the time period allowed. Rather, Appellant handed his Motion to Amend to the trial court on April 15, 2016, which was 28 days after Officer Livingston served his preliminary objections on Appellant and 93 days after Ahner and American States served their preliminary objections on Appellant. (C.R., Item No. 17 at 26; Item No. 11 at 13; Item No. 12 at 17.) Thus, the trial court had discretion to grant or deny the Motion. *See Weaver*, 918 A.2d at 203.

There is no transcript of the April 15, 2016 trial court proceeding, during which Appellant claims that he handed his Motion to Amend to the presiding judge. Defendants contend that Appellant failed to follow local procedure governing the presentation of motions to the trial court. Specifically, Defendants contend Allegheny County Local Rule 208.3(6)(b) required that Appellant present his Motion to Amend not to the judge presiding over the oral argument on Officer Livingston's preliminary objections, but to the Arbitration Department Clerk for filing and presentation to the Special Motions Judge. Local Rule 208.3(6) provides, in relevant part:

---

[7] "An abuse of discretion occurs where 'in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will.'" *Tullytown Borough v. Armstrong*, 129 A.3d 619, 622 (Pa. Cmwlth. 2015) (citation omitted), *appeal denied*, 145 A.3d 729 (Pa. 2016).

7

**Arbitration Cases.**

(a) (i) Except as provided in the following subdivisions (a)(ii), (a)(iii), and (a)(iv), all motions involving arbitration cases shall be heard by the Special Motions Judge.

. . . .

(b) The original and a copy of any motion shall be taken to an Arbitration Department Clerk (room 536, Allegheny County Courthouse). The clerk will place on the original and the copy of the motion a time and date (usually on a Friday at 10:00 A.M.) for an argument before the Special Motions Judge. The clerk will file the original with the Prothonotary and return the copy to the party filing the motion. This party shall immediately serve copies of the motion on all other parties with notice of the date and time of the argument.

**Note:** The Arbitration Office's scheduling a motion for an argument on a date after the date of the arbitration hearing does not continue the arbitration hearing unless the moving party obtains a continuance pursuant to paragraph (6)(a)(iii) of this Local Rule.

In reply, Appellant does not dispute that he did not follow these procedures with respect to his Motion to Amend. Instead, he claims that he placed the Motion to Amend on the presiding judge's "Add-On List," apparently referring to another local procedure governing arguments before the Special Motions Judge.[8]

Putting aside the procedural cloud surrounding Appellant's Motion to Amend, we also cannot definitively answer the question of whether the trial court,

---

[8] Under Allegheny County Local Rule 208.3(5)(c) and the Note accompanying the rule, contested matters may be placed on the Special Motions Judge's "Add-On List" so long as the other parties are given at least ten-days advance notice. Because Appellant served his Motion to Amend on Officer Livingston's counsel in person on the day he presented it to the presiding judge hearing Officer Livingston's preliminary objections, it does not appear that Appellant provided the requisite advance notice.

in sustaining Officer Livingston's preliminary objections and dismissing Appellant's complaint after oral argument, considered but tacitly denied Appellant's Motion to Amend, or, alternatively, simply ignored it because it was not properly filed. The fact that the trial court did not address the Motion to Amend in its Rule 1925(a) opinion, supporting outright dismissal of the complaint and which the presiding judge filed *after* Appellant filed his Motion to Correct, suggests, but does not definitively establish, the trial court's belief that leave to amend should not be allowed.

On appeal, Appellant seems to adopt this approach, as he seeks an outright reversal of the trial court's orders, not a remand for the trial court to exercise its discretion and rule on his Motion to Amend. A remand under these circumstances in an attempt to lift the procedural cloud and clarify the trial court's attempt would likely be a waste of time and resources for the parties and the trial court. Because Appellant seeks a reversal of the trial court's decision, in the interest of judicial economy, we will treat the trial court's order sustaining Officer Livingston's preliminary objections and dismissing the remaining claims of Appellant's complaint as also reflecting the trial court's denial of the Motion to Amend. As noted above, we review that decision for an abuse of discretion.

A trial court appropriately exercises its discretion to deny a motion to amend a pleading where there is prejudice or surprise to the opposing party or where it appears amendment is futile. *Weaver*, 918 A.2d at 203. It is clear that any amendment to Appellant's complaint would be futile. With regard to Appellant's claim for abuse of process against Ahner and American States, "abuse of process is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed." *Shiner v. Moriarty*, 706 A.2d 1228, 1236

9

(Pa. Super.) (internal quotations and citation omitted), *appeal denied*, 729 A.2d 1130 (Pa. 1998). The Superior Court has set forth the required elements for an abuse of process claim:

> To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed[,] and (3) harm has been caused to the plaintiff. Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process. Thus, the gravamen of this tort is the perversion of legal process to benefit someone in achieving a purpose which is not an authorized goal of the procedure in question.

*Harris v. Brill*, 844 A.2d 567, 572 (Pa. Super. 2004) (quoting *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa. Super.), *appeal denied*, 806 A.2d 862 (Pa. 2002)).

Appellant's proposed amended complaint alleges that American States initiated an "insurance company arbitration" or "a construction industry arbitration" against Appellant or Appellant's insurance carrier. (R.R. at 60a-61a.) Assuming, *arguendo,* that an "insurance" or "construction industry" arbitration sufficiently alleges that Ahner and American States "used a legal process" against Appellant, he fails to allege that the legal process was used to "accomplish a purpose for which the process was not designed." *Harris*, 844 A.2d at 572. Although Appellant baldly asserts that American States brought the claim in "bad faith," and that his insurer did not prevail in the proceeding (R.R. at 61a), it is well settled that "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Shiner*, 706 A.2d at 1236; *see also Clausi v. Stuck*, 74 A.3d 242, 249 (Pa. Super. 2013) ("In evaluating the primary purpose prong of

10

the tort, 'there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action.'" (citation omitted)). Nothing in Appellant's proposed amended complaint suggests that the claim was brought for anything other than the legitimate purpose of recovery for property damage caused by Appellant's vehicle striking a vehicle parked illegally and insured by American States. Thus, Appellant's proposed amended complaint fails to correct the legal deficiencies in his claim for abuse of process alleged against Ahner and American States.

With regard to Officer Livingston,[9] Appellant's proposed amended complaint alleges that Officer Livingston committed willful misconduct for failing to obtain insurance information from Elliot after the accident, failing to state in the incident report that Elliot was illegally parked, and failing to issue a citation to Elliot for illegally parking. We agree with the trial court that Officer Livingston "owed no duty to [Appellant] to issue citations against members of the public for illegal parking" and that the allegations against Officer Livingston "did not describe acts that constitute willful misconduct" and "do not come within any of the eight exceptions to government immunity." (Trial court op., dated July 18, 2016, at 3 (citing 42 Pa. C.S. §§ 8542, 8545).)

---

[9] Appellant also alleged that Officer Livingston conspired with Ahner and American States to commit an abuse of process. A civil conspiracy requires proof that "two or more persons combined or agreed with [the] intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979). Because we conclude that Appellant cannot state a claim for abuse of process against Ahner and American States, Appellant's conspiracy claim must also fail.

11

Appellant does not identify any cause of action that would impose liability on a police officer for failing to issue a citation. In fact, in his reply brief, Appellant "now concedes that Livingston had no duty to issue a [c]itation for the illegal parking." (Appellant's Reply Br. at 3.) Appellant, instead, focuses on the portion of his allegations in his proposed amended complaint dealing with Officer Livingston's preparation of an incident report. Appellant alleges, in relevant part:

26. The fact that [Officer] Livingston did not obtain the name of Elliot's insurance company and reflect the same on his Accident Report with respect to the incident on September 25, 2014, that [Officer] Livingston did not, in his Accident Report, note that Elliot was illegally parked . . . all constitute[d] intentional acts and willful misconduct by [Officer] Livingston.

27. The failure of [Officer] Livingston to note on his Accident Report that Elliot was illegally parked . . . resulted in the adverse decision against [Appellant] and his insurer in the construction industry arbitration initiated by American States . . . .

28. The conduct of . . . [Officer] Livingston above set forth has resulted in damage to [Appellant].

(R.R. 62a.) Appellant appended to his amended complaint a copy of the report that Officer Livingston prepared, which includes the following narrative:

On the above date and time Edgewood units were dispatched . . . for a hit & run report. Upon arrival, I met with the complainant . . . Elliot and witness Celess Whiteford, who stated the following. Elliot stated that her red Honda Civic was parked in front of 316 Beech st [sic], when the neighbor who resides at 317 Beech st [sic], apparently backed out of his driveway, striking her car and leaving the scene. The witness identified the driver as [Appellant], an elderly male who probably didn't realize he hit the vehicle. The Honda sustained a rear cracked driver side taillight and scratches. The complainant stated that she along with Whiteford were going to alert [Appellant] later that day about the incident.

12

> I have attempted to follow up with both parties via landline with negative results.

(R.R. 65a.)

Appellant's proposed amended complaint does not materially alter the omphalos of his claim against Officer Livingston. As he did in his original complaint, Appellant, in a conclusory fashion, alleges that Officer Livingston's failure to include certain facts in his incident report about the location of the vehicle that Appellant struck on September 25, 2014, amounts to "willful misconduct" under Section 8550 of the Judicial Code, and, therefore, Officer Livingston is not entitled to official immunity from Appellant's suit. The trial court dismissed the claim against Officer Livingston because the allegations set forth against Officer Livingston "did not describe acts that constitute willful misconduct." We agree.

To support his conclusory allegation of "willful misconduct" by Officer Livingston, Appellant would have needed to plead facts that, if proven, would establish that Officer Livingston (1) knew or should have known that he was *required* to include the omitted information in his incident report, (2) knew or should have known that his failure to do so would have led to, as the trial court phrased it, a "red car-blue car dispute" resolution adverse to Appellant, and (3) omitted the information anyway. *See Kuzel v. Krause*, 658 A.2d 856, 860 (Pa. Cmwlth. 1995) (en banc). No such allegations appear in the proposed amended complaint. Thus, Appellant's proposed amended complaint fails to correct the legal deficiencies in his claim against Officer Livingston.

Accordingly, we affirm the trial court's orders.

 

_____

P. KEVIN BROBSON, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward C. Leckey,             :
           Appellant        :
                            :
        v.               :    No. 833 C.D. 2016
                            :
Fred Livingston, Dan Ahner and    :
American States Insurance Company    :

# **O R D E R**

AND NOW, this 10th day of August, 2017, the orders of the Court of Common Pleas of Allegheny County, sustaining preliminary objections, dismissing the complaint, and effectively denying the motion seeking leave to file an amended complaint are AFFIRMED.

_____
P. KEVIN BROBSON, Judge